**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

PALMER KANE LLC,

                Plaintiff,

    -against-

SCHOLASTIC CORPORATION;
SCHOLASTIC INC.,

                Defendants.

:
:
:
:
:    12 Civ. 3890 (TPG)
:
:
:
:
:
:
:
:

------------------------------------------------------------------X

**MEMORANDUM IN SUPPORT OF DEFENDANTS SCHOLASTIC CORPORATION**
**AND SCHOLASTIC INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT**

Dated:  July 3, 2012

FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal
Beth I. Goldman
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone:  (212) 980-0120
Fax:  (212) 593-9175

*Attorneys for Defendants*
*Scholastic Corporation and Scholastic Inc.*

## TABLE OF CONTENTS

**Page**

I.    FACTUAL BACKGROUND ................................................................................ 1

II.   ARGUMENT ................................................................................................... 4

    A.    The Standard of Review for a Motion to Dismiss ................................ 5

    B.    The Complaint Does Not State a Cognizable Copyright Claim ............ 5

        1.    Plaintiff Fails to Sufficiently Allege Ownership and Proper
            Registration of Each of the Works Because It Does Not Identify
            the Relevant Registration for Each Image ................................... 6

        2.    The Complaint Fails to Contain Sufficient Factual Allegations to
            State a Claim against Scholastic ................................................ 7

    C.    In the Alternative, Scholastic Seeks a More Definite Statement. ........................ 10

III.  CONCLUSION ............................................................................................... 11

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>CASES</u>

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................................ 5

*Auscape Int'l v. Nat'l Geographic Soc'y*,
   409 F. Supp. 2d 235 (S.D.N.Y. 2004) ............................................................... 9

*Bean v. Houghton Mifflin Harcourt Publ'g Co.*,
   No. 10-CV-8034-PCT-DCG, 2010 WL 3168624 (D. Ariz. Aug. 10, 2010) ............ 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).......................................................................................... 5, 9

*De Jesus v. Sears, Roebuck & Co., Inc.*,
   87 F.3d 65 (2d Cir. 1996) .................................................................................. 8

*Dimaggio v. Int'l Sports Ltd.*,
   No. 97 Civ. 7767 (HB), 1998 WL 549690 (S.D.N.Y. Aug. 31, 1998)................. 6

*Harris v. Mills*,
   572 F.3d 66 (2d Cir. 2009) ................................................................................ 5

*Jacobs v. Carnival Corp.*,
   No. 06 Civ. 0606 (DAB), 2009 WL 856637 (S.D.N.Y. Mar. 25, 2009) ....... 3, 5, 6, 8

*Kelly v. L.L. Cool J.*,
   145 F.R.D. 32 (S.D.N.Y. 1992), aff'd, 23 F.3d 398 (2d Cir. 1994), cert. denied, 513 U.S. 950
   (1994)................................................................................................................. 6

*Marvullo v. Gruner & Jahr*,
   105 F. Supp. 2d 225 (S.D.N.Y. 2000) ............................................................. 8, 10

*Muench Photography Inc. v. Houghton Mifflin Harcourt Publ'g Co.*,
   712 F. Supp. 2d 84 (S.D.N.Y. 2010), reh'g denied, No. 09-CV-2669-LAP (Sept. 27, 2010).... 7

*Plunket v. Doyle*,
   No. 99 Civ. 11006 (KMW), 2001 WL 175252 (S.D.N.Y. Feb.22, 2001) ........ 6, 7, 8

*Sharp v. Patterson*,
   No. 03 Civ. 8772 (GEL), 2004 WL 2480426 (S.D.N.Y. Nov. 3, 2004).................. 5

*Smith v. Local 819 I.B.T. Pension Plan*,
    291 F.3d 236 (2d Cir. 2002) ............................................................................. 5

*Sun Micro Med. Tech. Corp. v. Passport Health Comm., Inc.*,
    No. 06 Civ. 2083 (RWS), 2006 WL 3500702 (S.D.N.Y. Dec. 4, 2006) ................. 8

*Tom Kelley Studios Inc. v. Int'l Collectors Soc'y Inc.*,
    No. 97 CIV. 0056 (WK), 1997 WL 598461 (S.D.N.Y. Sept. 25, 1997) ................. 10

## **RULES**

17 U.S.C. § 507(b) .................................................................................................... 4, 9

FRCP 12(b)(6) ........................................................................................................... 5

FRCP 12(e) ............................................................................................................ 1, 10

Defendants Scholastic Corporation and Scholastic Inc. (jointly "Scholastic"), submit this memorandum in support of their motion pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) to dismiss the complaint (the "Complaint") filed in this action by Plaintiff Palmer Kane LLC ("Palmer Kane") or, in the alternative, pursuant to FRCP 12(e) to require a more definite statement.

## I.      FACTUAL BACKGROUND

The following Statement of Facts is based solely on the allegations in the Complaint and the exhibits annexed thereto.  At this point in the proceeding, Scholastic neither admits nor denies any of Palmer Kane's allegations.

Plaintiff Palmer Kane is a stock photography agency that licenses the works of a Vermont-based photographer named Gabe Palmer.  Compl. ¶¶ 1, 5.  Gabe Palmer created photographs as works-made-for-hire for an entity named Palmer/Kane Inc.  *Id.* ¶ 2.  Palmer/Kane Inc. is allegedly the registered owner of the copyrights of the images identified by Plaintiff Palmer Kane in this case.  *Id.* ¶ 3.  In 2008, Palmer Kane Inc. transferred and assigned its rights to Palmer Kane.  *Id.* ¶ 4.

Scholastic is a publisher and distributor of textbooks and other educational materials, which it distributes throughout the United States.  *Id.* ¶¶ 8-9.  In or prior to 2000, Scholastic acquired Grolier Inc. and Franklin Watts, Inc., and continues to publish and distribute content under and/or through Grolier and Franklin Watts as imprints and/or divisions.  *Id.* ¶¶ 10-12.

Palmer Kane asserts that it is the owner of copyrights to photographs that Scholastic used and continues to use in "numerous programs and publications," *id.* ¶ 13, and that these photographs were "published without authorization" and "used in excess of Scholastic's limited licenses." *Id.* ¶ 14.  Palmer Kane claims that it registered the copyrights in these images with the United States Copyright Office, and the Complaint includes a paragraph with a list of

copyright registration numbers. *Id.* ¶ 15.  Palmer Kane does not attach copies of any of its purported copyright registrations to the Complaint, nor does it represent that it has identified all relevant registration numbers.

Palmer Kane attaches as Exhibit A to the Complaint a chart that purportedly identifies 146 images.  The chart includes certain information about these images, such as information relating to the licensing agent, invoice number, invoice date, image number, and image description, but does not include copyright registration information. *Id.*, Exh. A.  Nowhere in the Complaint does Palmer Kane draw ties between the 146 images listed in Exhibit A and the 17 purported copyright registration numbers. *Id.* ¶ 15.  Palmer Kane also provides the caveat that its claims "are not limited to the photographic works and titles identified herein or in Exhibit A." *Id.* ¶ 36.

Without identifying which accused images it is referring to, Palmer Kane asserts in broad terms that Scholastic's "agents" represented that Scholastic "would not make any subsequent uses of these photographs without prior permission and payment of agreed-upon license fees," *Id.* ¶ 19, and that Palmer Kane and its agents sold limited licenses to Scholastic in reliance upon these representations. *Id.* ¶¶ 20-21.  Palmer Kane does not, however, allege when these representations were made, who the alleged "agents" of either Palmer Kane or Scholastic are, or to which image or publication these "representations" relate.[1]

Palmer Kane alleges that Scholastic "exceeded the licenses obtained," "reused Plaintiff's works" without a license or before obtaining a license, and made "unauthorized" uses of images. *Id.* ¶¶ 22-23.  It also references a civil suit it filed in this District relating to a separate reading

---

[1] Because the Complaint includes only a single count for copyright infringement, it is not clear why these allegations, which seem to suggest a breach of contract or fraud claim, are included.

program published by Scholastic, the READ 180 Program, but cites no relevant facts to explain the nexus between the two cases. *Id.* ¶ 25.

Moreover, Palmer Kane accuses Scholastic of being engaged in a "pattern and practice of misappropriating third party content," and states that this constitutes "reckless disregard" for the rights of others. *Id.* ¶ 26. Palmer Kane accuses Scholastic of concealing its "illegal conduct in order to avoid liability," *id.* ¶ 27 and refusing to provide usage information to Palmer Kane. *Id.* ¶ 28. Finally, Palmer Kane lists several specific publications, and asserts that Scholastic used its photographs without permission or beyond the scope of any licensed permission. *Id.* ¶¶ 31-35. But again, Palmer Kane makes no effort to state which of its purported photographs were used in which publication, what copyright registration covers any allegedly infringed photograph, or when the alleged acts of copyright infringement took place.

The Complaint contains a single claim for copyright infringement. *Id.* ¶¶ 41-48. Palmer Kane's demand for relief, however, includes a demand not only for statutory or actual damages under the Copyright Act, *id.*, Demand for Relief, ¶ 2, but also for "all damages allowed under any applicable contract or agreements." *Id.*, Demand for Relief, ¶ 3.

For the reasons set forth below, Palmer Kane has failed to meet the minimum requirements to state a copyright claim in this District and its Complaint should be dismissed in its entirety. At a minimum, Palmer Kane should be required to file a more specific pleading— one that includes the allegations required to set forth a copyright infringement claim: "(1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts and during what time the defendant infringed the copyright." *Jacobs v. Carnival Corp.*, No. 06 Civ. 0606 (DAB), 2009 WL 856637 at *1, *4 (S.D.N.Y. Mar. 25, 2009) (citations omitted).

As it now stands, Scholastic cannot determine which, if any, of Palmer Kane's alleged

images are registered (a prerequisite for filing suit). Moreover, it cannot determine when and by

what acts it allegedly infringed Palmer Kane's rights. This latter point is critical because, *inter*

*alia,* it is quite likely that some or even all of Palmer Kane's claims will be barred by the three

year statute of limitations that governs claims of copyright infringement. 17 U.S.C. § 507(b).

Indeed, most of the photographs set forth on Exhibit A to the Complaint were, according to

Palmer Kane, invoiced to Scholastic more than three years ago; many of the referenced invoices

appear to date back more than ten years, and some nearly 20 years. Compl., Exh. A. And the

excerpted credit pages annexed to Plaintiff's Complaint reveal that none of the three books

allegedly containing Plaintiff's works were copyrighted within the last three years: *Scholastic*

*Explains Writing Homework* (Compl., Exh. B) was copyrighted in 1998; the revised edition of

*Scholastic Children's Dictionary* (Compl., Exh. C) was copyrighted in 1996; and *Scholastic's*

*Children's Encyclopedia* (Compl., Exh. D) was copyrighted in 2004.

## II.    ARGUMENT

Palmer Kane's Complaint falls far short of alleging even the basic required elements of a

copyright infringement claim. Palmer Kane has provided no evidence of ownership and

registration of the images at issue. Indeed, the Complaint notably lacks copies of the alleged

registrations for the images Palmer Kane identifies. The pleading does not even attempt to link

each image at issue to a valid registration number. Moreover, it fails to identify the particular

publication in which each of the 146 identified images was used or when the alleged acts of

copyright infringement took place. This last point – when the alleged infringement occurred – is

critical because the Complaint references dates of invoices and publications that are in some

cases nearly two decades old and thus likely barred by the relevant three year statute of

limitations. As a result of these fundamental deficiencies, Palmer Kane's Complaint leaves

4

Scholastic speculating as to how and when Palmer Kane claims it allegedly infringed the purported copyrights at issue. As explained below, well-established case authority requires the dismissal of the Complaint, or in the alternative a more definite statement of Palmer Kane's claims.

**A.      The Standard of Review for a Motion to Dismiss**

In general, FRCP 12(b)(6) mandates dismissal of a cause of action if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-61 (2007). Mere conclusory averments are insufficient to meet this pleading threshold; rather, a complaint must be buttressed by specific factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Moreover, "'conclusory allegations or legal conclusions masquerading as factual conclusions' will not withstand dismissal." *Jacobs*, 2009 WL 856637 at *3 (citing *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002)). In the absence of specific factual allegations, pleadings, such as Plaintiff's Complaint, which contain "no more than conclusions are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

**B.      The Complaint Does Not State a Cognizable Copyright Claim**

Courts in this District have held that in copyright infringement cases, given "the principle enshrined in Rule 8—namely, to provide defendants fair notice against them—a plaintiff ... may not rest on bare-bones allegations that infringement occurred." *Jacobs*, 2009 WL 856637 at *4 (citing *Sharp v. Patterson*, No. 03 Civ. 8772 (GEL), 2004 WL 2480426, *12 (S.D.N.Y. Nov. 3, 2004)). Rather, "Rule 8 requires that the particular infringing acts be set out with some specificity." *Id.*

To meet the pleading requirements under Rule 8 in a copyright infringement case, the complaint must allege: "(1) which specific original works are the subject of the copyright claim,

(2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts and during what time the defendant infringed the copyright." *Jacobs,* 2009 WL 856637 at *4; *Plunket v. Doyle,* No. 99 Civ. 11006 (KMW), 2001 WL 175252, at *1, *4 (S.D.N.Y. Feb.22, 2001) (citing *Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 35 (S.D.N.Y. 1992), *aff'd,* 23 F.3d 398 (2d Cir. 1994), *cert. denied,* 513 U.S. 950 (1994)). "Broad, sweeping allegations of infringement do not comply with Rule 8." *Jacobs,* 2009 WL 856637 at *4.   As set forth below, the Complaint in this action falls short of this standard.

1.    **Plaintiff Fails to Sufficiently Allege Ownership and Proper Registration of Each of the Works Because It Does Not Identify the Relevant Registration for Each Image**

Courts may dismiss claims for copyright infringement under Rule 8 where the Complaint fails to attach a copyright certificate that identifies each image at issue. *See, e.g. Dimaggio v. Int'l Sports Ltd.*, No. 97 Civ. 7767 (HB), 1998 WL 549690, at *2 (S.D.N.Y. Aug. 31, 1998) (dismissing claim of copyright infringement where "[t]here are no photographs attached to the certificate and there is no indication that this certificate of registration covers the works at issue"); *Kelly,* 145 F.R.D. at 32 (dismissing claim as to one of the images at issue where "[a]lthough the complaint had attached to it a copyright certificate for *Dance to the Drummer's Beat,* it did not contain a certificate for *What You're Going to Do.*"). Here, the Complaint does not attach a single registration certificate for any of the 146 images at issue in this action, nor does it attach deposit materials so that Scholastic can determine what is covered by these registrations.

Instead, in a single paragraph, Plaintiff sweepingly alleges that "Plaintiff's copyrights in and to photographs used by Scholastic and that are the subject of this action have been registered with the United States Copyright Office, <u>including</u> under . . ." and proceeds to list 17 separate registrations.  Compl. ¶ 15 (emphasis added).   It is unclear from the Complaint which

registration covers any one of the 146 images set forth in Exhibit A.  Moreover, Palmer Kane's use of the word "including" leaves Scholastic in doubt as to whether it must consider any other registrations that may be relevant to the images on Exhibit A.  *See Plunket*, 2001 WL 175252, at *4 (finding a multi-page schedule of allegedly copyrighted works insufficient to identify the works potentially at issue).

The question of validity of registration is fundamental to a copyright claim, particularly where a copyrighted work is licensed through a licensing agency.  Chief Judge Preska recently held that compilation registrations of images by stock photo agencies like Corbis, which served as Palmer Kane's licensing agent with respect to the majority of the images identified in this action (*see* Compl., Exh. A), are insufficient to support a claim for copyright infringement.  *See Muench Photography Inc. v. Houghton Mifflin Harcourt Publ'g Co.,* 712 F. Supp. 2d 84, 95 (S.D.N.Y. 2010), reh'g denied, No. 09-CV-2669-LAP (Sept. 27, 2010); *see also Bean v. Houghton Mifflin Harcourt Publ'g Co.*, No. 10-CV-8034-PCT-DCG, 2010 WL 3168624 (D. Ariz. Aug. 10, 2010).

It is unclear on the basis of Palmer Kane's pleading, therefore, whether any of the images listed in Exhibit A have been registered.  Further confounding the issue, Palmer Kane leaves open the door to include within the scope of this action other unidentified images.  Compl. ¶ 36.  Because Palmer Kane has provided no copyright registrations and has failed to identify the registration that relates to each image identified or potentially included in this action, its allegations relating to ownership and proper registration of the copyrighted works are insufficient to state a claim for copyright infringement.

### 2. The Complaint Fails to Contain Sufficient Factual Allegations to State a Claim against Scholastic

Palmer Kane's Complaint also fails to allege a plausible claim of copyright infringement because it asserts no specific facts as to how or when Scholastic allegedly used Palmer Kane's

works.  A properly pled copyright infringement claim must set out with specific facts "by what acts and during what time the defendant infringed the copyright." *Jacobs*, 2009 WL 856637 at *4 (dismissing copyright infringement claim for failure to identify specific acts and time of infringement); *Sun Micro Med. Tech. Corp. v. Passport Health Comm., Inc.*, No. 06 Civ. 2083 (RWS), 2006 WL 3500702, at *12 (S.D.N.Y. Dec. 4, 2006) (same); *Plunket*, 2001 WL 175252, at *5 (same).

  Palmer Kane's allegations lack the requisite specificity to satisfy this requirement.  In *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 228 (S.D.N.Y. 2000), the Court dismissed a copyright infringement claim where a photographer sued a magazine publisher alleging that the defendant published its photographs "beyond the scope … of the limited license."  The court found that this "unadorned allegation . . . absent any factual support, merely states a legal conclusion insufficient to withstand a motion to dismiss." *Id.* (citing *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 70 (2d Cir. 1996) ("A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)").

  Palmer Kane's allegations are strikingly similar to the plaintiff's claims in *Marvullo*. Here, the complaint alleges that "Defendants exceeded the licenses it obtained to use Plaintiff's images, reused Plaintiff's works without a license," used the images "without permission," or "prior to obtaining permission," "beyond the scope of whatever license or permission may have obtained," and "made unauthorized uses of Plaintiff's works."  Compl. ¶¶ 22-23, 31-36.  Palmer Kane provides no facts to explain which specific licenses to use which particular images of the 146 that are listed in Exhibit A Scholastic allegedly "exceeded."  The Complaint also does not specify of the 146 images, which were "reused," which were used "without" or "prior to

obtaining" permission, or how the scope of the licenses Scholastic obtained do not "authorize" the alleged use.[2]

Palmer Kane also fails to identify the time period during which these alleged infringements occurred.  The only facts in the Complaint relating to use and timing are the dates of invoice issued to Scholastic for use of selected images, almost none of which fall within the three year statute of limitations for a copyright infringement claim.  Most of the invoices referenced are a decade or more old.  Moreover, the excerpted credit pages annexed to Plaintiff's Complaint reveal that none of the three books allegedly containing Plaintiff's works were copyrighted within the last three years: *Scholastic Explains Writing Homework* (Compl., Exh. B) was copyrighted in 1998; the revised edition of *Scholastic Children's Dictionary* (Compl., Exh. C) was copyrighted in 1996; and *Scholastic's Children's Encyclopedia* (Compl., Exh. D) was copyrighted in 2004.  Accordingly, on the face of the Complaint, Plaintiff's time to assert a claim for copyright infringement with respect to the licensing of all but a handful of the images identified on its list has long expired. 17 U.S.C. § 507(b); *see Auscape Int'l v. Nat'l Geographic Soc'y,* 409 F. Supp. 2d 235, 241, 247 (S.D.N.Y. 2004) (dismissing claims for copyright infringement based on licensing that occurred six years before suit was filed).

---

[2] Palmer Kane's scattershot assertion of other general allegations also fails to provide the necessary details to sustain its infringement claim.  For example, the Complaint asserts that Scholastic is engaged in a "pattern and practice of misappropriating third party content," and states that this constitutes "reckless disregard" for the rights of others. *Id.* ¶ 26.  Palmer Kane accuses Scholastic of concealing its "illegal conduct in order to avoid liability," *Id.* ¶ 27 and refusing to provide usage information to Palmer Kane. *Id.*  Conclusory assertions such as these are precisely the type of pleading that Rule 8 is intended to avoid.  Palmer Kane's burden to plead the basis of its entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

Without additional information as to how or when Scholastic allegedly infringed Palmer Kane's copyrights, Scholastic is left without basic information as to the events and circumstances underlying Plaintiff's claim. *See Marvullo,* 105 F. Supp. 2d at 229 (citations omitted).

The Complaint's reference to allegations it has filed in another case against Scholastic relating to an entirely different series of publications provides no clarity. Compl. ¶ 25. In that case, Plaintiff filed a putative class action relating to three components of Scholastic's READ 180 Program, which is an adolescent literacy tool that has proven effective in helping schools raise reading achievement for struggling students in grades 4–12. *See Palmer Kane v. Scholastic Corp.,* Case No. 11-cv-07456-KBF. Plaintiff asserts that the allegations in that case, which relate solely to three components of the READ 180 Program, "demonstrate . . . a broader pattern and practice of infringing and misappropriating third-party photographic content." Compl. ¶ 25. Yet Judge Forrest has rendered no decision on the merits of that case, and Plaintiff's allegations in this other case provide no factual allegations specific to the images and publications named in this Complaint.

Because Plaintiff has failed to identify what specific acts form the basis of its claim and when those acts occurred, the Complaint should be dismissed.

## C.     In the Alternative, Scholastic Seeks a More Definite Statement.

A motion for a more definite statement should be granted where a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FRCP12(e). As described above, the Complaint fails to identify the specific copyright that relates to each image listed on Exhibit A or the specific acts that allegedly infringed each of Palmer Kane's purported copyrights. Thus, Scholastic seeks a more definite statement as to the "specific acts of infringement with respect to the specific copyrights" purportedly at issue. *See Tom Kelley Studios Inc. v. Int'l Collectors Soc'y Inc.,* No. 97 CIV. 0056 (WK), 1997 WL 598461

10

at *1 (S.D.N.Y. Sept. 25, 1997) (granting motion for a more definite statement where "there are

no allegations of specific *acts* of infringement with respect to *specific* copyrights owned by

plaintiffs.").

### III.    CONCLUSION

For the foregoing reasons, Scholastic respectfully requests that the Court dismiss Palmer

Kane's Complaint, or, in the alternative, require Palmer Kane to serve a complaint that includes

the information required to properly state a claim for copyright infringement.

Dated: New York, New York
     July 3, 2012

              FRANKFURT KURNIT KLEIN & SELZ, P.C.


By:_____
           Edward H. Rosenthal, Esq.
           Beth I. Goldman, Esq.
           488 Madison Avenue
           New York, New York  10022
           Tel.:  (212) 980-0120
           Fax:  (212) 593-9175
           erosenthal@fkks.com
           bgoldman@fkks.com

           *Attorneys for Defendants*
           *Scholastic Corporation and Scholastic Inc.*