# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

PALMER KANE LLC,

   *Plaintiff*,

v.

SCHOLASTIC CORPORATION;
SCHOLASTIC, INC.,

   *Defendants*.

Case No. 12-CV-3890 (TPG)

Hon. Thomas P. Griesa

**ECF CASE**
**Electronically Filed**

## MEMORANDUM OF LAW IN OPPOSITION TO
## <u>DEFENDANTS' MOTION TO DISMISS</u>

Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
NELSON & McCULLOCH LLP
The Chrysler Building
405 Lexington Ave., 26th Floor
New York, New York 10174
T: (646) 704-4900
F: (646) 308-1178

August 13, 2012

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................................iii

INTRODUCTION ........................................................................................................ 1

BACKGROUND STATEMENT.................................................................................... 1

SUMMARY OF ARGUMENT .................................................................................... 3

ARGUMENT ............................................................................................................... 5

I.    APPLICABLE LEGAL STANDARD. ............................................................. 5

II.   SCHOLASTIC   MISCONSTRUES   THE   RELEVANT   PLEADING
      STANDARD.................................................................................................... 7

      A.    Attaching   Certificates   Of   Copyright   Registration   To   The
            Complaint Is Not Required To State A Claim For Infringement............................ 7

      B.    Scholastic Misconstrues The Cases On Which It Relies. .................................... 10

      C.    The Pleading Standard Advanced By Scholastic Is Untenable. .......................... 12

      D.    The Specificity Demanded By Scholastic Finds No Support In The
            Case Law............................................................................................................. 13

      E.    Courts Addressing Identical Allegations Against Other Textbook
            Publishers Repeatedly Have Rejected The Arguments Advanced
            By Scholastic. ..................................................................................................... 13

III.  PLAINTIFF'S   COMPLAINT   SATISFIES   THE   APPLICABLE
      PLEADING REQUIREMENTS....................................................................... 18

      A.    The Complaint Satisfies All Pleading Elements To State A Claim
            For Copyright Infringement................................................................................ 18

      B.    Scholastic's Extra-Pleading Contentions Regarding The Corbis
            Registration Program Are Irrelevant And Discredit Scholastic's
            Position. ............................................................................................................. 20

IV.   DEFFENDANTS'   ALTERNATIVE   REQUEST   FOR   A   MORE
      DEFINITE STATEMENT SHOULD BE DENIED......................................... 24

CONCLUSION............................................................................................................ 24

# TABLE OF AUTHORITIES

**CASES**

*Adams v. Jackson*, 218 F. Supp. 2d 1006 (N.D. Ind. 2002) ........................................................... 9

*Alvarez-Rivon v. Cengage Learning, Inc.*, No. 09-cv-1605,
   2010 U.S. Dist. LEXIS 71798 (D.P.R. July 16, 2010) ......................................... 9

*Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637 (S.D.N.Y.
   2008) ....................................................................................................................... 7

*Ashcroft v. Iqbal*, 556 U.S.662 (2009) ................................................................................... 6, 18

*Basevi v. Acorn Co.*, No. 08-cv-7145, 2009 WL 764532
   (C.D. Cal. Mar. 19, 2009) ..................................................................................... 15

*Bean v. Houghton Mifflin Harcourt Publ'g Co.*, No. 10-
   CV-8034-PCT-DCG, 2010 WL 3168624 (D. Ariz. Aug.
   10, 2010) ............................................................................................................... 21

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................ *passim*

*Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236 (S.D.N.Y.
   2000) ..................................................................................................................... 22

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir.
   2002) ..................................................................................................................... 23

*Design Basics, LLC v. Probuild Co.*, No. 10-cv-02274,
   2011 WL 3366436 (D. Colo. Aug. 4, 2011) ......................................................... 15

*Dimaggio v, Int'l Sports Ltd.*, No. 97-cv-7767 (HB), 1998
   WL 549690 (S.D.N.Y. Aug. 31, 1998) .................................................................. 10

*Educ. Testing Servs. v. Katzman*, 793 F.2d 533 (3d Cir.
   1986) ..................................................................................................................... 22

*Erickson v. Pardus*, 551 U.S. 89 (2007) .................................................................................. 10

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust
   Co.*, 375 F.3d 168 (2d Cir. 2004) ................................................................... 6, 7, 23

*Gee v. CBS, Inc.*, 471 F. Supp. 600 (E.D. Pa. 1979) ................................................................ 11

*Geisler v. Petrocelli*, 616 F.2d 636 (2d Cir. 1980) ................................................................... 7

*Grant Heilman v. Pearson Educ., Inc.*, No. 11-cv-4649
   (E.D. Penn. Oct. 12, 2011) ................................................................................... 23

*Heckler & Koch, Inc. v. Cohaire Arms, Inc.*, No. 09-cv-0184, 2010 U.S. Dist. LEXIS 23460 (S.D. Ind. March 12, 2010) ................................................................................ 9

*Interscope Records v. Duty*, No. 05-CV-3744, 2006 U.S. Dist. LEXIS 20214 (D. Ariz. April 14, 2006) ...................... 19

*Jetform Corp. v. Unisys Corp.*, 11 F. Supp. 2d 788 (E.D. Va. 1998) ................................................................................ 11

*Kelly v. L.L. Cool J.*, 145 F.R.D. 32 (S.D.N.Y. 1992) .......................... 7, 10

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993) ........................... 8, 9

*McKenna v. Wright*, 386 F.3d 432 (2d Cir. 2004) ........................ 6

*Mid Am. Title Co. v. Kirk*, 991 F.2d 417 (7th Cir. 1993) ................ 8

*Muench Photography Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, 712 F. Supp. 2d 84 (S.D.N.Y. 2010) ........................ 20-23

*Murphy v. Millennium Radio Group LLC*, 650 F.3d 295 (3d Cir. 2011) ................................................................................ 7

*Oliveri v. Thompson*, 803 F.2d 1265 (2d Cir. 1986) ...................... 15

*Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114 (C.D. Cal. 2001) ......................................................... 9

*Richard Feiner & Co., Inc. v. Larry Harmon Pictures Corp.*, 38 F. Supp. 2d 276 (S.D.N.Y. 1999) ....................... 11, 13, 24

*Roth v. Jennings*, 489 F.3d 499 (2d Cir. 2007) ............................ 6

*Simonian v. Blistex, Inc.*, No. 10-cv-1201, 2010 WL 4539450 (N.D. Ill. Nov. 3, 2010) ........................................ 15

*Stephens v. Am. Home Assurance Co.*, 811 F. Supp. 937 (S.D.N.Y. 1993) ............................................................... 20

*Stereo Optical Co., Inc. v. Judy*, No. 08-CV-2512, 2008 WL 4185689 (N.D. Ill. Sep. 8, 2008) ................................... 9

*Szabo v. Errisson*, 68 F.3d 940 (5th Cir. 1995) ......................... 22

*Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134 (5th Cir. 1992) ................................................................ 23

*Tin Pan Apple, Inc. v. Miller Brewing Co.*, 737 F. Supp.
826 (S.D.N.Y. 1990) ................................................................................................. 11

*Woods v. Universal City Studios, Inc.*, 920 F. Supp. 62
(S.D.N.Y. 1996) ....................................................................................................... 22

## OTHER AUTHORITIES

1-12 Melville B. Nimmer & David Nimmer, Nimmer on
Copyright (2010) ................................................................................................. 6, 8

Wright & Miller, Fed. Practice and Procedure, § 1237 (Supp. 1997) ......................... 11

## FEDERAL STATUTES AND RULES

17 U.S.C. § 103 .............................................................................................................. 21

17 U.S.C. § 408(c)(2) ..................................................................................................... 22

17 U.S.C. § 409(2) .......................................................................................................... 21

37 C.F.R. § 202.3 ..................................................................................................... 21, 22

Fed. R. Civ. P. 12(b)(6) ........................................................................................ *passim*

Fed. R. Civ. P. 8 .................................................................................................... *passim*

## INTRODUCTION

Plaintiff Palmer Kane LLC ("Palmer Kane" or "Plaintiff"), by and through undersigned counsel, hereby submits this Memorandum of Law in Opposition to the Motion to Dismiss filed by Defendants Scholastic Corp. and Scholastic, Inc. ("Defendants" or "Scholastic").

Defendants' Motion rests on two primary arguments:  (1) that the Complaint is deficient because copies of the relevant certificates of copyright registration were not attached; and (2) the Complaint failed to allege copyright infringement with sufficient specificity.  Both arguments are baseless.  Indeed, courts around the country repeatedly have rejected the same arguments advanced by other textbook publishers facing nearly identical allegations of copyright infringement.  Defendants' Motion conspicuously overlooks this overwhelming body of case law discrediting Defendants' position.

## BACKGROUND STATEMENT

Palmer Kane LLC is a stock photography agency that licenses the works of photographer Gabe Palmer.  Dkt. No. 1 ("Compl.") ¶ 5.  Mr. Palmer created photographs as works- for-hire for Palmer/Kane Inc.  *Id.* ¶ 2.  Palmer/Kane Inc. registered copyrights in the photos that are at issue in this action and, in 2008, transferred and assigned those copyrights to Plaintiff Palmer Kane LLC. *Id.* ¶¶ 3, 4.  Thus, as the Complaint expressly pleads, Plaintiff Palmer Kane LLC owns the copyrights in the photos at issue in this action and these copyrights have been registered with the U.S. Copyright Office.  *Id.* ¶¶ 14, 15.

The Complaint asserts claims of copyright infringement against Scholastic relating to numerous photographs that Scholastic published in various textbooks without authorization or in excess of limited licenses.  *Id.* ¶¶ 13, 14, Ex. A.  Plaintiff alleges that Scholastic's infringed Plaintiff's copyrights in various ways, including by exceeding the limited distribution or print

quantity limitations of Scholastic's licenses.  *Id.* ¶ 22.  Such restrictions are known in the industry, and referred to in the Complaint as "print run" restrictions, and Scholastic's violation of this license term is referred to as "overrunning" the license limitation.  The Complaint also alleges that Scholastic published photos without valid permission being secured prior to Scholastic's copying and publishing of Plaintiff's photos.[1]  *Id.* ¶¶ 23.

The Complaint identifies the photos at issue.  *Id.* Ex. A.  The Complaint also expressly and unequivocally alleges Plaintiff's ownership of the copyrights in these photos and that Plaintiff's copyrights in these photos have been registered with the U.S. Copyright Office.  *Id.* ¶¶ 14, 15.  The Complaint also details the misconduct that allegedly infringes Plaintiff's exclusive copyrights.  *Id.* ¶¶ 14, 22, 23, 45.  In fact, the Complaint identifies numerous specific publications in which Scholastic copied and published Plaintiff's photos.  *Id.* ¶¶ 31-35, Ex. A.

These pleadings are adequate to state a claim for copyright infringement.  Contrary to Scholastic's suggestion, nothing else is required to satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure ("FRCP"), and certainly no additional pleadings are required under any other statutory provision.

Prior to initiating this action, Plaintiff's counsel requested that Scholastic provide information regarding its use of Plaintiff's photos.  Compl. ¶ 28; Nelson Decl. Ex. 1.  Plaintiff expected Scholastic's full cooperation because, in a parallel suit currently pending against Scholastic in this Court, Scholastic's corporate representative testified that:

---

[1]  Scholastic's Motion questions why certain allegations in the Complaint relate to Scholastic's making material misrepresentations or failing to disclose crucial information during the licensing process.  (Def. Mem. at 2 n.1.)  As Scholastic is well aware, license is an affirmative defense to a claim of copyright infringement. Fed. R. Civ. P. 12(c).  To establish a valid license was created, Scholastic bears the burden of demonstrating that there was a "meeting of the minds" to grant a license that in fact covered the uses that occurred.  Moreover, whether Scholastic made material misrepresentations during the licensing process bears on whether the alleged licenses it obtained are invalid.

2

Q:   So if a copyright owner requests information from Scholastic, it's your policy to give them that information?

A.   Yes.

Q.   If a copyright owner asks you for information about how many books have been published, printed, under a license that they issued to you, it's your policy to give them that information?

A.   It is.

Q.   If a copyright owner says to you, I want to know the uses you made of my image, it's your policy to tell them the uses that have been made of the image?

A.   It is.

Q.   Even if it means you're disclosing unlicensed uses to the copyright owner?

A.   Yes.

Q.   Even if it means you're disclosing print overruns to the copyright owner?

A.   Right.

Q.   It's your policy to be transparent in those dealings with copyright owners?

A.   To the best of our ability.

Nelson Decl. Ex. 2 ("Diamond Dep.") at 201:21—202:20.

In direct contradiction of this alleged policy of openness and transparency, Scholastic completely ignored Plaintiff's demand for information and refused to provide any information regarding Scholastic's past or ongoing uses of Plaintiff's photos.  Compl. ¶¶ 27-29.  Because Scholastic refused to cooperate with this inquiry, Plaintiff was forced to initiate this action to protect its exclusive copyrights.

## SUMMARY OF ARGUMENT

Scholastic's Motion is nothing more than a transparent and improper attempt to capitalize on its own refusal to cooperate with Plaintiff's rightful efforts to determine what uses Scholastic has made and is making of its creative works.

Despite Scholastic's unequivocal testimony that it has a policy of providing usage information to copyright owners, Scholastic refused to cooperate with Plaintiff's efforts to obtain

such information regarding Plaintiff's photos.  In contravention of its own policy, Scholastic made a calculated decision to conceal its illegal conduct.  The Court should not reward Scholastic's efforts.  As dozens of courts have agreed, even where the infringer remains in sole possession of information regarding the scope of its illegal conduct, copyright owners still are entitled to pursue claims to vindicate their copyrights where there a pattern of illegal conduct.

The two primary arguments advanced by Scholastic in favor of dismissal find no support in the law.  Scholastic first argues that Plaintiff fails to adequately plead a claim for copyright infringement because the Complaint does not adequately identify the copyright registrations at issue and does not attach the certificate of registrations to the pleadings.  (Def. Mem. at 2-3.) Scholastic essentially ignores the allegations setting forth the registrations at issue, and its argument for dismissal rests on a fundamentally flawed understanding of the notice pleading requirements.

There can be no serious dispute that the Complaint expressly and unequivocally alleges that Plaintiff owns the copyrights in the images for which it is asserting copyright infringement claims.  Compl. ¶¶ 4, 14.  Nor is there any dispute that the Complaint expressly identifies the relevant copyright registrations that cover the works identified in Complaint.  *Id.* ¶ 15.  Nothing more is required.   The heightened pleading standard urged by Scholastic finds no support in either the Copyright Act or the liberal pleading requirements mandated under FRCP 8(a). Indeed, copyright owners have filed numerous infringement actions against textbook publishers in this Court and all around the country without being required to attach proof of copyright registration to their initial pleadings.

Scholastic also argues that the Complaint is deficient because it "asserts no specific facts as to how or when Scholastic allegedly used Palmer Kane's works."  (Def. Mem. at 7-8.)  Once

again, Scholastic's position conspicuously overlooks that the Complaint provides significant detail regarding the types of infringements committed by Scholastic. Compl. ¶¶ 22, 23. In fact, the Complaint even alleges specific acts of infringement with respect to specific images in specific publications. *Id.* ¶¶31-35.

The notion that the Complaint does not identify "when the alleged infringement occurred" is, of course, discredited by the fact that the Complaint identifies the relevant "invoice dates" of the licenses violated by Scholastic. *Id.* Ex. A. The precise date on which Scholastic exceeded the license is, of course, impossible to determine without discovery. But such heightened specificity is not required. Rather, the Complaint needs only to set forth the relevant time frame in which the infringement occurred.

Given that usage information remains in Scholastic's sole possession, requiring Plaintiff to plead with more specificity would establish a burden for copyright claimants that would be impossible to meet. It is for that reason that courts around the country have held that nearly identical allegations against textbook publishers are sufficient and may proceed to discovery. Unsurprisingly Scholastic's Motion entirely ignores this overwhelming body of case law expressly rejecting the pleading standard it urges the Court to adopt here.

Scholastic's Motion relies on discredited arguments that repeatedly have been rejected by courts as inconsistent with the Federal Rules of Civil Procedure and controlling law.

## ARGUMENT

## I.    APPLICABLE LEGAL STANDARD.

It is settled law that a plaintiff is not required to prove its case in the complaint, but rather must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although Rule 8(a) "demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation," the Supreme Court held that this means only that the complaint must allege "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, the governing standard for resolving a motion to dismiss is "facial plausibility."  As the Supreme Court explained:  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In defining the threshold for this requirement, the Supreme Court emphasized that the plaintiff need only "nudge[] [its] claims . . . across the line from conceivable to plausible." *Id.* at 680 (citation omitted).  In the particular context of copyright claims, this means that a complaint will survive a motion to dismiss "[s]o long as the allegations of the complaint as a whole 'raise a reasonable expectation that discovery will reveal evidence of the necessary elements for copyright infringement[.]'"  1-12 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 12.09[A][3] (2010).

In making this determination, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007).  As the Second Circuit has held, "the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the [asserted] defense." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004).  This liberal standard of construction is predicated on the fact that the question on a motion brought under FRCP 12(b)(6) "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 177 (2d Cir. 2004) (quotation omitted).  The Court's role, therefore, "'is merely to

assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'"  *Id.* at 176 (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

Where information necessary to make out a claim remains in the defendant's sole possession, the court must allow the plaintiff an opportunity to conduct sufficient discovery to make out the elements of his claim.  *See Murphy v. Millennium Radio Group LLC*, 650 F.3d 295, 310 (3d Cir. 2011) (reversing dismissal of defamation claims where information necessary to make out claim remained in defendant's possession and plaintiff was not afforded opportunity for adequate discovery).

## II.    SCHOLASTIC MISCONSTRUES THE RELEVANT PLEADING STANDARD.

### A.    Attaching Certificates Of Copyright Registration To The Complaint Is Not Required To State A Claim For Infringement.

Scholastic argues that the Complaint is deficient because Plaintiff "provided no ***evidence*** of ownership and registration of the images at issue" and "the Complaint notably lacks copies of the alleged registrations for the images" at issue.   (Def. Mem. at 4 (emphasis added).) Scholastic's contention that Plaintiff is required to provide such "***evidence***" in the initial pleading is contrary to settled law and rests on a fundamentally flawed understanding of the pleading requirements mandated under FRCP 8.

It is well settled that a party asserting a claim for copyright infringement need only to "allege: '1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright.'" *Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 643-44 (S.D.N.Y. 2008) (quoting *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992) (citations omitted), *aff'd*, 23 F.3d 398 (2d

Cir. 1994)).  To be clear, these decisions establish that a plaintiff is required only to "*allege*" each of these elements, there is no additional requirement, as Scholastic contends, that the plaintiff also must provide **evidence** or **proof** of any of these elements in the initial pleading.  *See* 1-12 Nimmer on Copyright, 12.09[B] ("The attachment of copies to the complaint *is now discretionary*, although under the discovery procedures of the Federal Rules of Civil Procedure, either party may be compelled to produce copies of such works or other documents if necessary." (emphasis added))

Nor is there any requirement that these elements must be plead with the level of specificity urged by Scholastic.  On the contrary, the controlling pleading standard in a civil action brought under the Copyright Act, as in any other action subject to FRCP 8(a), requires only that the allegations be minimally sufficient to provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 559 (quotation omitted).  As the Supreme Court explained in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993), exceptions to the low threshold of FRCP 8(a) "must be obtained by the process of amending the Federal Rules, and not by judicial interpretation."  *Id.* at 168-69.

There is no requirement that a copyright claimant must offer **evidence** of registration in order to satisfy the low threshold of FRCP 8(a).  Rather, as in any action, a copyright claimant need only "*allege*" the necessary elements of its claim to survive a motion to dismiss.  *See Mid Am. Title Co. v. Kirk*, 991 F.2d 417, 421-22 (7th Cir.) (holding that there is "no special pleading requirement on the plaintiff" and that plaintiff's mere allegation of copyright ownership is sufficient), *cert. denied*, 510 U.S. 932 (1993).  Indeed, numerous courts considering this issue have reached the same conclusion and rejected the invitation to impose a heightened pleading

standard that would require a copyright claimant to identify specific copyright registration information or attach the certificates of registration to the complaint. *See, e.g.*, *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1120 (C.D. Cal. 2001) ("Copyright claims need not be pled with particularity.   As courts have noted in recent, post-*Leatherman* cases, complaints simply alleging present ownership by plaintiff, registration in compliance with the applicable statute and infringement by defendant have been held sufficient under the rules." (citation omitted)); *Alvarez-Rivon v. Cengage Learning, Inc.*, No. 09-cv-1605, 2010 U.S. Dist. LEXIS 71798, at *5 (D.P.R. July 16, 2010) ("In making its argument, Defendant asks us to delve too far into the merits of Plaintiffs' claim.   The relevant question under Rule 12(b)(6) is whether Plaintiffs alleged sufficient facts to state a plausible claim for relief.   They did so here *simply by alleging that the copied images are protected by a federal copyright*." (emphasis added)); *Stereo Optical Co., Inc. v. Judy*, No. 08-CV-2512, 2008 WL 4185689 (N.D. Ill. Sep. 8, 2008) (denying motion to dismiss based on argument that registrations were not attached to complaint);   *cf. Heckler & Koch, Inc. v. Cohaire Arms, Inc.*, No. 09-cv-0184, 2010 U.S. Dist. LEXIS 23460, at *5 (S.D. Ind. March 12, 2010) ("The fact that [plaintiff] did not provide the Defendants with a federal trademark registration number is not fatal to [plaintiff's] claim.   The pleading requirements of the federal rules do not require such specificity.   Thus, although evidence of the registration number is essential to prevail, it is not essential at the pleading stage.").   In fact, one court commented that defendant's argument that "because the Plaintiffs have not attached a copy of a valid federal registration to their complaint or provided any evidence of such registration, the case must be dismissed" was "groundless to the point of being sanctionable."   *Adams v. Jackson*, 218 F. Supp. 2d 1006, 1011-12 (N.D. Ind. 2002).

As these decisions demonstrate, there is no requirement that a copyright claimant must

*prove* registration in the complaint.  This is not surprising given that such a burden extends well beyond the notice-pleading threshold required at this stage of the case.  *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" (quoting *Twombly*, 550 U.S. at 559)).  Scholastic's argument confuses and improperly conflates the ultimate question of whether Plaintiff will offer sufficient evidence to support the elements of a copyright claim—which can be decided only on a motion for summary judgment or at trial— with the threshold question of whether the complaint states a plausible claim for relief which should be allowed to proceed to discovery—which is the only issue that can be considered on a motion brought under FRCP 12(b)(6).

**B.      Scholastic Misconstrues The Cases On Which It Relies.**

Scholastic's Motion points to only two (unpublished) cases to support its argument that a copyright claimant must attach copies of the certificates of registration to the Complaint: *Dimaggio v, Int'l Sports Ltd.*, No. 97-cv-7767 (HB), 1998 WL 549690 (S.D.N.Y. Aug. 31, 1998); and *Kelly v. L.L. Cool J*, 145 F.R.D. 32 (S.D.N.Y. 1992).  In each of these cases, however, this Court held that the pleadings were deficient because they "failed to ***allege***" registration of the works at issue, not merely that the complaints did not include ***evidence*** of ownership.  *See Dimaggio*, 1998 WL 549690, at *2 (noting that plaintiff "***fails to allege*** with sufficient clarity that the copyrights in these images were registered pursuant to statutory requirements"); *Kelly*, 145 F.R.D. at 36 ("Plaintiff ***fails to allege*** his present ownership of the copyrights at issue. The complaint states that plaintiff composed and copyrighted [the works], but it does not assert plaintiff's present ownership of those copyrights.").

Moreover, in more recent (and published) decisions, this Court has expressly rejected the

notion that the complaint must include copies of registration certificates to state a claim. Specifically, in *Richard Feiner & Co., Inc. v. Larry Harmon Pictures Corp.*, 38 F. Supp. 2d 276 (S.D.N.Y. 1999), this Court considered the holding of *Gee v. CBS, Inc.*, 471 F. Supp. 600 (E.D. Pa. 1979), and rejected the heightened pleading standard endorsed there—which is the same burden urged by Scholastic here—on the grounds that such a requirement improperly raised the pleading threshold.   *Richard Feiner*, 38 F. Supp. 2d at 279.   In reaching this conclusion, this Court noted that the prior decisions adopting such a heightened pleading standard "relied heavily on a section from Moore's Federal Practice, Second Edition, that has been deleted in the more recent edition."[2] *Id.* at 279 n.2.  In rejecting the position advanced by Scholastic here, the Court expressly emphasized that "specificity at this stage of the litigation is not required."  *Id.* at 279 (citing *Tin Pan Apple, Inc. v. Miller Brewing Co.*, 737 F. Supp. 826 (S.D.N.Y. 1990) (complaint alleging "one or more" of copyrighted works were copied withstands a motion to dismiss; the meaning of "one or more" may be explored in discovery)).

Scholastic's Motion effectively asks this Court to ignore, and eviscerate, the well-established law in this Court—and around the country—allowing copyright owners to bring suit without providing *proof* or *evidence* of copyright ownership in their initial complaint so long as the pleadings establish the requisite elements.   In fact, Palmer Kane's prior action against Scholastic in this District, *see Palmer Kane v. Scholastic Corp.*, No. 11-cv-7456 (KBF), also did not include copies of the certificates of registration at issue or any deposit materials, and that action was not dismissed under FRCP 12(b)(6).

---

[2] The reason that this section regarding the supposed heightened pleading requirement in copyright cases was deleted is that it no longer was good law following the Supreme Court's decision in *Leatherman*.  *See, e.g.*, *Jetform Corp. v. Unisys Corp.*, 11 F. Supp. 2d 788, 790 (E.D. Va. 1998) (citing Wright & Miller, Fed. Practice and Procedure, § 1237 (Supp. 1997)).

**C.     The Pleading Standard Advanced By Scholastic Is Untenable.**

The pleading burden advanced by Scholastic also should be rejected because it sets an impossible burden on copyright owners.  According to Scholastic, the Complaint is deficient because it "does not attach a single registration certificate for any of the 146 images at issue in this action, nor does it attach deposit materials so that Scholastic can determine what is covered by these registrations."  (Def. Mem. at 6.)  Scholastic fails to mention, however, that obtaining copies of the certificates and deposit materials from the Copyright Office often takes months, if not years.  Thus, whenever a copyright owner , for whatever reason, does not maintain its own copy of the certificate of registration, an action cannot be commenced, even if the statute of limitations is running.

Scholastic also fails to mention that copies of the "deposit materials" often include *hundreds of pages* of materials or *hundreds of chrome slides* or even *CDs of high-resolution scans*.  Requiring a copyright claimant to provide such documents just to bring a claim for infringement is an absurd and onerous requirement that finds absolutely no support in the law.

If accepted, the pleading burden endorsed by Scholastic would apply to all copyright claimants and would create an unacceptable and nearly impossible burden for bringing an infringement action in this District.  For instance, textbooks publishers (like Scholastic) own significant intellectual property and routinely bring suit in this District to protect their copyrights from infringement.  Many of these suits involve dozens or hundreds of copyrighted works, which primarily are voluminous textbooks.  For example, John Wiley & Sons, Inc. – a textbook publisher like Scholastic – has brought at least 160 copyright suits in this District.  *See* Nelson Decl. Ex. 3.  The pleadings in these cases did not attach any certificates of registration for the books allegedly infringed, and they certainly did not include copies of the "deposit materials"

(which typically consist of a copy of the textbook) submitted to the U.S. Copyright Office.  The notion that copyright plaintiffs must provide such materials with their initial pleadings, rather than allowing such materials to be produced in the normal course of discovery, is untenable and impractical.

**D.  The Specificity Demanded By Scholastic Finds No Support In The Case Law.**

Scholastic also complains that the Complaint "asserts no specific facts as to how or when Scholastic allegedly used Palmer Kane's works."  (Def. Mem. at 7-8.)  This argument is unavailing.

Scholastic's Motion ignores that (i) the Complaint identifies the type of misconduct that is allegedly infringing, Compl. ¶¶ 14, 22, 23, 45; (ii) the Complaint details the photos at issue and, where available, the names of the books in which Plaintiff's photos were published, *id.* Ex. A; and (iii) the Complaint even includes copies of certain publications in which Scholastic published Plaintiff's photos without a license or in excess of a license, *id.* ¶¶ 31-35, Exs. B-D. These allegations are sufficient to state a claim for copyright infringement.  Nothing more is required because these allegations provide Scholastic with fair notice of the misconduct at issue and the photos and publications implicated.  As this Court has noted:

> As to [plaintiff's] failure to specify which copyright is infringed by which act, this is not fatal to his claim. A reader of the complaint can conclude that the works whose copyrights are listed therein are those alleged to have been infringed, and it is sufficient that the complaint alleges that the infringing acts took place during the time that [plaintiff] owned the rights to the films. . . .   Further specificity at this stage of the litigation is not required.

*Richard Feiner*, 38 F. Supp. at 279-80 (citations omitted).

**E.  Courts Addressing Identical Allegations Against Other Textbook Publishers Repeatedly Have Rejected The Arguments Advanced By Scholastic.**

Unfortunately, Scholastic is not the only textbook publisher engaged in widespread

copyright infringement and illegal use of third party photos.  Over the last few years, it has become apparent that all of the major textbook publishers engaged in similar practices, including routinely exceeding the terms of the limited licenses obtained from vendors.  The scope of this illegal practice is staggering.  Along with Scholastic, Pearson Education, Inc. ("Pearson"); John Wiley & Sons, Inc. ("Wiley"); The McGraw-Hill Cos.; and Houghton Mifflin Harcourt Publishing Co. have been sued dozens of times for literally *thousands* of incidents of copyright infringement involving *thousands* of third party photos.[3]

And this litany of cases is merely the tip of the iceberg because these publishers, like Scholastic, have adopted policies or practices to conceal their illegal conduct and refuse to disclose usage information to copyright owners.  As detailed above, Scholastic refused to cooperate with Plaintiff's efforts to determine what uses Scholastic made of Plaintiff's creative works even though Scholastic testified unequivocally in a related action that it has a policy of

---

[3] *See, e.g.*, *Krakauer v. Houghton Mifflin*, No. 07-cv-02055 (D. Colo.); *Semerdjian v. McDougal Littell*, No. 07-cv-07496 (S.D.NY.); *Wood. v. McDougal Littell*, No. 07-cv-01516 (D. Colo.); *Bean v. McDougal Littell*, No. 07-cv-08063 (D. Ariz.); *Beidleman v. Holt, Rinehart and Winston*, No. 07-cv-01220 (D. Colo.); *Alaska Stock v. Houghton Mifflin*, No. 09-cv-0061 (D. Alaska); *Pac. Stock v. Houghton Mifflin*, No. 09-cv-0164 (D. Hawaii); *Wiley v. Hiser*, No. 09-cv-4307 (S.D.N.Y.); *Wu v. Pearson*, No. 09-cv-6557 (S.D.N.Y.); *Wu v. Pearson*, No. 10-cv-7523 (S.D.N.Y.); *Wu v. Pearson*, No. 10-cv-6537 (S.D.N.Y.); *Alaska Stock v. Pearson*, No. 11-cv-0162 (D. Alaska); *Visuals Unlimited v. Wiley*, No. 11-cv-0415 (D.N.H.); *Pac. Stock v. Pearson*, No. 11-cv-0423 (D. Hawaii; *Psihoyos v. Pearson*, No. 11-cv-1416 (S.D.N.Y.); *Grant Heilman v. Wiley*, No. 11-cv-1665 (E.D. Penn.); *Gentieu v. Pearson*, No. 11-cv-1946 (N.D. Cal.); *Cole v. Wiley*, No. 11-cv-2090 (S.D.N.Y.); *Frerck v. Wiley*, No. 11-cv-2727 (N.D. Ill.); *Gibson v. McGraw-Hill*, No. 11-cv-2765 (S.D.N.Y.); *Clifton v. Pearson*, No. 11-cv-3640 (N.D. Cal.); *Grant Heilman v. Pearson*, No. 11-cv-4649 (E.D. Penn; *Feingersh v. Pearson*, No. 11-cv-5122 (E.D. Penn.); *Frerck v. Pearson*, No. 11-cv-5319; *Minden Pictures v. Pearson*, No. 11-cv-5385 (N.D. Cal.); *Psihoyos v. Wiley*, No. 11-cv-7456 (S.D.N.Y.); *Bean v. Wiley*, No. 11-cv-8028 (D. Ariz.); *Bean v. Pearson*, No. 11-cv-8030 (D. Ariz.); *DRK Photo v. McGraw-Hill*, No. 11-cv-8059 (D. Ariz.); *DRK Photo v. Wiley*, No. 11-cv-8133 (D. Ariz.); *Bean v.  Wiley*, No. 12-cv-8001 (D. Ariz.); *Palmer Kane v. Scholastic*, No. 12-cv-3890 (S.D.N.Y.); *Warren v. Wiley*, No. 12-cv-5070 (S.D.N.Y.); *Rubin v. Wiley*, No. 12-cv-5071 (S.D.N.Y.); *Young-Wolff v. Wiley*, No. 12-cv-5230 (S.D.N.Y.).  This litany of cases provides sufficient basis for Plaintiff to allege, upon information and belief, that Scholastic is engaged in similar misconduct.

providing such information to copyright owners.  *See* Diamond Dep. at 201:21—202:20.

As result of this practice, copyright owners often lack the specific information necessary to make out the complete details or full scope of the infringements committed by textbook publishers.  But the fact that these publishers refuse to disclose their illegal conduct does not mean that copyright owners cannot bring claims for infringement.  On the contrary, that is the reason that FRCP 11(b) specifically permits a party to plead factual claims "to the best of the person's knowledge, information, and belief."  Accepting Defendant's position would create an unacceptable tension between FRCP 8 and FRCP 11(b) and create an impossible burden on plaintiffs bringing claims where defendant retains sole possession of crucial evidence.  *See Oliveri v. Thompson*, 803 F.2d 1265, 1279 (2d Cir. 1986) ("A plaintiff does not have to be prepared to meet a summary judgment motion as soon as the complaint is filed.").

Courts consistently have permitted such pleading in copyright suits where the infringer possesses crucial information that is not available to the complainant.  *See Simonian v. Blistex, Inc.*, No. 10-cv-1201, 2010 WL 4539450, at *3 (N.D. Ill. Nov. 3, 2010); *Design Basics, LLC v. Probuild Co.*, No. 10-cv-02274, 2011 WL 3366436, at *1-3 (D. Colo. Aug. 4, 2011) (factual allegations of five "specific" infringements "provide[s] plausible grounds to infer that a more widespread pattern of infringement of the plaintiff's copyrights exists"); *Basevi v. Acorn Co.*, No. 08-cv-7145, 2009 WL 764532, at *4 (C.D. Cal. Mar. 19, 2009) (complaint adequate where plaintiff identified five examples of alleged pattern of infringement).  Indeed, dozens of courts around the country, including this Court, have expressly held that copyright owners are permitted to bring claims "upon information and belief" against textbook publishers who refuse to disclose the full scope of their illegal conduct.  *See Frerck v. Pearson Educ., Inc.*, No. 11-cv-5319, 2012 WL 1280771, at *3 (N.D. Ill. Apr. 16, 2012) (Nelson Decl. Ex. 4) (allowing pleading "upon

15

information and belief" because "Pearson's own records will reveal its use of [plaintiff's] images"); *Grant Heilman Photography, Inc. v. Pearson Educ., Inc.*, No. 11-cv-4649, Dkt. No. 12, at 8-11 (E.D. Penn. Oct. 12, 2011) (Nelson Decl. Ex. 5) (same); *Pac. Stock, Inc. v. Pearson Educ., Inc.*, No. 11-cv-0423, 2012 WL 93182, at *6 (D. Hawaii Jan. 11, 2012) (Nelson Decl. Ex. 6 (("Going forward, Pacific Stock will have to flesh out its copyright infringement claim and more particularly describe each actual act of infringement. However, at this point, Pacific Stock has sufficiently stated a copyright infringement claim . . ."); *Bean v. Pearson Educ., Inc.*, No. 11-cv-8030, 2011 WL 1882367, at *4 (D. Ariz. May 17, 2011) (Nelson Decl. Ex. 7) ("Plaintiffs' Complaint contains specific, albeit unadorned, allegations identifying the copyrighted images at issue and the nature of the alleged infringement."); *Clifton v. Pearson Educ., Inc.*, No. 11-cv-3640, Dkt. No. 52 at 7-9 (N.D. Cal. May 2, 2012) (same) (Nelson Decl. Ex. 8); *Jon Feingersh Photography, Inc. v. Pearson Educ., Inc.*, No. 11-cv-5122 (E.D. Penn. Dec. 6, 2011) (Nelson Decl. Ex. 9) (Transcript of Hearing on Motion to Dismiss).

In each of these cases—and there are numerous additional decisions to the same effect—the plaintiffs alleged copyright infringement based upon a broader pattern of infringement by the publisher, and the Court permitted the claims to proceed even though the claimant was not capable at the pleading stage of identifying each specific instance of infringement because the publisher refused to provide such information.  In other words, the pleadings against the publishers in these other actions are ***nearly identical*** to the pleading filed by Plaintiff in this action, typically including certain examples of specific infringements and an attached spreadsheet of other known licenses or uses.

Pleading in this manner is appropriate—and, indeed, necessary—because, as one court recently reasoned:

> Common sense tells us that where there is smoke, there is fire. This is not a case where the plaintiff has hauled the defendant into court without making any factual allegations in the hopes of extracting a large settlement based on the threat of incurring discovery expense. Alaska Stock's specific, factual allegations of several instances of infringement plausibly suggest a more widespread pattern of infringement here.

*Alaska Stock, LLC v. Pearson Educ., Inc.*, No. 11-cv-0162, Dkt. No. 56 at 10 (D. Alaska April 19, 2012 (Nelson Decl. Ex. 10).  The Second Circuit recently reached the same conclusion in the copyright context, recognizing that pleading in this manner is appropriate where, as is the undeniable case here, "the facts are peculiarly within the possession and control of the defendant."  *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2nd Cir. 2010.

Plaintiff's Complaint provides sufficient good cause for alleging a broader pattern of infringement against Scholastic, including the evidence adduced in the parallel suit against Scholastic in this District, Case No. 11-cv-7456 (KBF), which revealed evidence that Scholastic exceeded its license to use thousands of photos in the *READ 180* program, published 2 of Palmer Kane's photos prior to obtaining permission, and published another Palmer Kane photo without ever obtaining a license.[4]  *See* Compl. ¶¶ 24-26; Case No. 11-cv-7456 (KBF), Dkt. No. 46 (Reply in Support of Motion for Class Certification).  These allegations—and the significant evidence provided to this Court in support of Palmer Kane's motion for class certification in Case No. 11-cv-7456—establish sufficient grounds for Plaintiff to plead broader claims against Scholastic based upon undeniable "information and belief" of other instances of infringement and Scholastic's broader pattern and practice of infringement.

---

[4] Scholastic's Motion evidently misunderstands the pleading requirements because its Motion complains (Def. Mem. at 2-3) that Plaintiff's Complaint fails to establish a "nexus" between the claims in this action and those in Case No. 11-cv-7456 (KBF).

III.   **PLAINTIFF'S COMPLAINT SATISFIES THE APPLICABLE PLEADING REQUIREMENTS.**

     A.   **The Complaint Satisfies All Pleading Elements To State A Claim For Copyright Infringement.**

Plaintiff's Complaint states a facially plausible claim for infringement and provides Defendant with sufficient notice as to the grounds for that claim. First, the Complaint identifies the specific works at issue. *See* Compl. Ex. A. Second, the Complaint expressly and unequivocally alleges that Plaintiff owns the exclusive copyrights in these works. *Id.* ¶¶ 4, 14. Third, the Complaint also alleges that Plaintiff's copyrights in these works have been registered with the Copyright Office and identifies applicable copyright registrations. *Id.* ¶ 15. Finally, Plaintiff's Complaint identifies the specific conduct that allegedly infringes Plaintiff's exclusive rights in the photographs identified in the Complaint. *Id.* ¶¶ 14, 22, 23, 45, Ex. A. In fact, the Complaint offers significant additional details, including the license dates and invoices numbers of the licenses that were violated by Scholastic, and even documents particular publications in which Scholastic used Plaintiff's without authorization or beyond the scope of its license. *Id.* ¶¶ 31-35, Ex. A.

The Complaint satisfies the threshold requirements of FRCP 8(a) and the "facial plausibility" standard endorsed in *Iqbal* and *Twombly*. The allegations provide Scholastic with the requisite "fair notice" of the nature of the claims being asserted against it and the grounds for those claims. Nothing more is required at the pleading stage. And certainly Plaintiff is not required to attach documentary evidence to support its pleadings at this stage.

As is evidenced from Scholastic's Motion, there is no concern in this case that Scholastic does not understand the nature of the claims against it or the grounds upon which Plaintiff's

claims rest.[5]  This alone is a sufficient basis for finding the pleading standard satisfied here.  *See, e.g.*, *Interscope Records v. Duty*, No. 05-CV-3744, 2006 U.S. Dist. LEXIS 20214, at *6 (D. Ariz. April 14, 2006) ("[I]t is clear from [Defendant's] motion to dismiss that she thoroughly understands the claims against her. Therefore, the complaint satisfies the liberal notice pleading standard of Rule 8(a).  To the extent that there remains confusion with regard to the exact date or time of the incidences of alleged infringement, that can be clarified during discovery.").

Scholastic does not require copies of registration certificates to frame its responsive pleadings or to answer the allegations in the Complaint.  In fact, even if the Complaint identified the copies of the registration certificates that Scholastic alleges are required to survive this Motion, Scholastic *still* would answer those allegations by claiming that it lacked sufficient information to respond because it had yet to obtain discovery to confirm that the registrations were valid or determine whether the certificate of registrations in fact covered the particular works at issue.  Therefore, there is no reason that such evidence need to be set forth *in the complaint* when such documentary proof is relevant only at the summary judgment or trial stages of the litigation.  To the extent that Scholastic needs to examine the evidence that supports Plaintiff's allegations, such information and evidence will be exchanged during discovery.

Accepting Scholastic's position on this Motion would merely encourage infringers to take further steps to conceal their illegal conduct.  Because the information regarding Scholastic's infringements remains in Scholastic's sole possession, copyright owners must be

---

[5] Scholastic's Complaint argues that additional information may be necessary because certain claims may be "barred by the relevant three year statute of limitations."  (Def. Mem. at 4.)  As Scholastic's Motion makes clear, however, Scholastic already has sufficient information to plead that Plaintiff's claims are barred by the relevant statute of limitations.  In any event, this argument is a red herring because, as Scholastic is well aware, this Court already has held that the discovery rule applies to copyright infringement claims, and thus Plaintiff's claims have not even accrued yet because Scholastic has effectively concealed its illegal conduct from Plaintiff.

entitled to plead "upon information and belief" in order to bring claims to protect their copyrights.  If Scholastic's heightened pleading standard was accepted, the protections of the Copyright Act would be rendered meaningless because Scholastic refuses to disclose to copyright owners which images it has published without a license and which licenses it has violated.  The suggestion that copyright owners must plead each act of infringement with specificity is a self-serving argument intended to impede copyright owners' rightful efforts to protect their copyrights.

Accepting Scholastic's position would imply that textbook publishers who unquestionably committed rampant license violations and infringements could continue their illegal acts with impunity and copyright owners would have no mechanism for pulling back the curtain and exposing the violations of their rights.  Copyright infringers such as Scholastic would be incentivized to conceal their misconduct and copyright owners would have no recourse.  Even though information remains in Scholastic's possession, the Complaint satisfies the requirement to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Stephens v. Am. Home Assurance Co.,* 811 F. Supp. 937, 959 (S.D.N.Y. 1993).  Nothing more is required at this threshold stage.

**B.      Scholastic's Extra-Pleading Contentions Regarding The Corbis Registration Program Are Irrelevant And Discredit Scholastic's Position.**

Scholastic argues that requiring Plaintiff to plead evidence of registration at this stage is necessary because:

> The question of validity of registration is fundamental to a copyright claim, particularly where a copyrighted work is licensed through a licensing agency. Chief Judge Preska recently held that compilation registrations of images by stock photo agencies like Corbis, which served as Palmer Kane's licensing agent with respect to the majority of the images identified in this action (see Compl., Exh. A), are insufficient to support a claim for copyright infringement.  *See Muench Photography Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, 712 F. Supp. 2d 84,

20

95 (S.D.N.Y. 2010), *reh'g denied*, No. 09-CV-2669-LAP (Sept. 27, 2010); *see also Bean v. Houghton Mifflin Harcourt Publ'g Co.*, No. 10-CV-8034-PCT-DCG, 2010 WL 3168624 (D. Ariz. Aug. 10, 2010).

(Def. Mem. at 5.)  This argument is a red herring intended to distract the Court from the relevant legal analysis.

In *Muench*, this Court considered whether a very specific registration program was sufficient to vest registration in individual photographers who had transferred title of their creative works to their agent, Corbis, for the sole purpose of registering them with the Copyright Office.  The plaintiff in that case relied on the registration obtained by Corbis for a single "automated database" consisting of "a compilation of photographs by different photographers." *Muench*, 712 F. Supp. 2d at 91.  However, Corbis' application to register copyright in this "automated database" did not include the names of the individual photographers whose works were contained in the database, an element the Court found was required under 17 U.S.C. § 409(2).  *Id.*  Due to this defect in the application materials submitted by Corbis, the Court held, with regard to this specific Corbis program, that "the registrations at issue here cover only the database as a whole (the compilation) but do not cover Plaintiff's individual contributions." *Id.* at 90.  In reaching this conclusion, the Court recognized that the registration of "automated databases" is governed by specific statutory and regulatory provisions—including 17 U.S.C. § 409(2), 17 U.S.C. § 103 and 37 C.F.R. § 202.3(b)(5)—that mandate that the application for copyright registration contain the names of all the authors of the work, and thus "the registration of a collective work reaches the individual works only when the author of the collective work authored each of the individual works." *Muench*, 712 F. Supp. 2d at 94.

Contrary to Scholastic's suggestion, the Court did ***not*** hold that all registrations of "compilations" of photographs were deficient or that a single author may not register multiple

photographs under a single registration.  Nor could the Court have reached such a conclusion, as both the Copyright Act and the implementing regulations established under the authority vested in the Register of Copyrights expressly permit an author to register more than one work under a single registration and for group registration of multiple works.  *See, e.g.*, 17 U.S.C. §§ 408(c)(2) ("the Register of Copyrights shall establish regulations specifically permitting a single registration for a group of works by the same individual author"); 37 C.F.R. §§ 202.3(a)(2, 202.3(b)(4), 202.3(b)(5)-(10).  Indeed, the notion that *Muench* casts doubt on any registration covering multiple works from the same author is a shocking misreading of that decision given that the Court expressly acknowledged that numerous cases "underscore the fact that the registration of a collective work reaches the individual works only *when the author of the collective work authored each of the individual works*," as is the case with all of the registrations at issue here.  712 F. Supp.  2d at 93 (citing "*E.g., Szabo v. Errisson*, 68 F.3d 940 (5th Cir. 1995) (musician's registration of his collection covered each of his individual songs which comprised the collection); *Educ. Testing Servs. v. Katzman*, 793 F.2d 533, 539 (3d Cir. 1986) ("[T]he fact that the registration was for compilations does not preclude protection for the material therein contributed by the author."); *Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236 (S.D.N.Y. 2000) (group registration of makeup designs covered individual works, but copyright owner was designer of individual designs within the group); *Woods v. Universal City Studios, Inc.*, 920 F. Supp. 62, 64 (S.D.N.Y. 1996) (author who filed registration for collective work was the same author of the individual works that were the subject of the infringement).").  Numerous courts have reached the same conclusion, holding that registrations of "single author" compilations or collections are valid and permit the copyright owner to bring an infringement suit related to component works.  *See, e.g., Grant Heilman v. Pearson Educ., Inc.*, No. 11-cv-4649, Dkt. No. 12

22

at 6 (E.D. Penn. Oct. 12, 2011)  (Nelson Decl. Ex. 5) ("Several other courts have likewise held that registration of a 'single author compilation' permits a copyright infringement action based on a constituent part of the compilation.") (collecting cases).

Understood in its proper context, it is evident that the holding of *Muench* has no relevance here whatsoever.   The Complaint does not allege that Plaintiff is relying on registrations obtained through Corbis' registration program.   Nor does the Complaint identify any copyrights registered through an "automated database" for that matter.   Scholastic's attempt to misconstrue the holding of *Muench* to suggest that *any* registration purporting to cover any "compilation" of photographs is invalid is unpersuasive.

In any event, Scholastic's reliance on the *Muench* decision actually discredits its position as the Court did not hold in *Muench* that plaintiff was required to attach proof of registration to the complaint to survive a motion to dismiss.   Moreover, the validity of the Corbis registration program was not an issue resolved on a motion to dismiss.   On the contrary, the Court addressed the validity question only after "the Court converted Defendant's motion to dismiss into one for summary judgment pursuant to Fed. R. Civ. P. 12(d)."  712 F. Supp.  2d at 86.

The Court is required to address such questions on a motion for summary judgment, and thus after sufficient discovery, precisely because they relate to the ***validity*** of the allegations rather than their facial plausibility.   *See* Fed. R. Civ. P. 12(d); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002); *Eternity Global*, 375 F.3d at 177; *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992) (explaining that a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts").   To the extent that Scholastic requires copies of the certificates of registration to challenge the veracity of Plaintiff's factual allegations, this

argument is improper on a motion under FRCP 12(b)(6).

## IV.   DEFFENDANTS' ALTERNATIVE REQUEST FOR A MORE DEFINITE STATEMENT SHOULD BE DENIED.

Because the Complaint is sufficient and provides Scholastic adequate notice of Plaintiff's claims, there is no need or basis to require a more definite statement.  *See, e.g.*, *Richard Feiner*, 38 F. Supp. 2d at 279.  Indeed, the only additional information that Plaintiff could provide regarding specific instances of infringement remains in Scholastic's sole possession.  Thus, requiring a more definite statement of the infringements alleged would effectively shield Scholastic from liability based on its own intentional efforts to conceal its illegal conduct from copyright owners.

## CONCLUSION

For the forgoing reasons, Defendants' Motion to Dismiss must be **DENIED**.


Dated:      August 13, 2012

Respectfully submitted,

NELSON & McCULLOCH LLP

Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
The Chrysler Building
405 Lexington Ave., 26th Floor
New York, New York 10174
T: (646) 704-4900
F: (646) 308-1178

*Attorneys for Plaintiffs*

24

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of August, 2012, I caused to be served a true and correct copy of the foregoing document by the CM/ECF system and/or via electronic mail to the following parties:

Edward H. Rosenthal
Beth Goldman
488 Madison Avenue, 10th Floor
New York, New York 10022
erosenthal@fkks.com
bgoldman@fkks.com

DATED:  August 13, 2012

_____
Danial A. Nelson