UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

PALMER KANE LLC,

                     Plaintiff,

          – against –

SCHOLASTIC CORPORATION;
SCHOLASTIC INC.,
                    Defendants.

------------------------------------------x

**OPINION**

12 CV 3890

Plaintiff Palmer Kane LLC ("Palmer Kane") alleges one count of copyright infringement against Scholastic Corporation and Scholastic Inc. (collectively "Scholastic") pursuant to the Copyright Act of 1976, 17 U.S.C. § 101. Palmer Kane claims that Scholastic has used Palmer Kane's copyright protected photographs in some instances without licensing permission, and in other instances beyond the limited terms of the licensing agreements. For this violation Palmer Kane seeks a preliminary and permanent injunction. Palmer Kane also seeks to recover various damages including statutory or actual damages, and the profits Scholastic derived from its infringing use of Palmer Kane's works. Palmer Kane also sues for its attorneys' fees and other costs in litigating this case.

      Scholastic submitted a motion to dismiss, in lieu of an answer, pursuant to Fed. R. Civ. P. 12(b)(6), claiming that Palmer Kane does not sufficiently plead

1

the required elements of a copyright infringement claim. Specifically, Scholastic argues that the complaint does not properly plead that Palmer Kane registered the works because it does not provide registration information for all of the images, and does not provide a copy of the registration for any image. Furthermore, the complaint does not specify when and by what acts Scholastic infringed Palmer Kane's rights. Scholastic claims that this latter deficiency is particularly problematic given the three year statute of limitations governing copyright infringement. 17 U.S.C. § 507(b). In the alternative, Scholastic seeks a more definite statement pursuant to Fed. R. Civ. P. 12(e).

The motion to dismiss is granted and the motion for a more definitive statement is denied.

## The Complaint

The Parties

Plaintiff Palmer Kane is a stock photography agency that licenses the works of Gabe Palmer, a professional photographer. Defendant Scholastic Inc. is a division or subsidiary of defendant Scholastic Corporation (together "Scholastic"). Scholastic publishes and distributes textbooks and other educational material throughout the United States through Grolier, Inc. ("Grolier") and Franklin Watts, Inc. ("Franklin Watts"), businesses Scholastic acquired in or before 2000.

2

Copyright Infringement Claim

The complaint alleges that Gabe Palmer created made-for-hire photographs for an entity named Palmer/Kane Inc. ("PKI"). PKI, through registration, became the copyright owner of the images identified in the attachment to the complaint. On January 15, 2008, PKI transferred and assigned its ownership rights over these materials to Palmer Kane.

The complaint states that Palmer Kane "is the owner of copyrights to photographs that Defendants published without authorization and used in excess of Scholastic's limited licenses." (para 14). Palmer Kane registered its copyrights with the United States Copyright Office, and provides the registration numbers for seventeen photographs. Palmer Kane, through its licensing agents including The Stock Market ("TSM") and Corbis Corporation ("Corbis"), entered into licensing agreements with Scholastic granting Scholastic the right to use some of the photographs. These agreements placed limitations on Scholastic's use of the photos.[1] Scholastic's agents indicated that Scholastic would not exceed these limitations without prior permission and paying an agreed-upon licensing fee.

The complaint alleges that "[u]pon information and belief, Defendants exceeded the licenses it obtained to use Plaintiff's images, reused Plaintiff's works without a license or prior to obtaining a license, and made unauthorized uses of Plaintiff's works, including the uses and works set forth in Exhibit A."

---

[1] The specifics of these limitations are not stated.

3

(para 22). Specifically, the complaint alleges that Scholastic used Palmer Kane's photographs without permission or beyond the scope of any license or permission in the following publications: <u>Scholastic Explains Writing Homework</u>; <u>Scholastic Children's Dictionary</u>; <u>Scholastic Children's Encyclopedia</u>; <u>Book of Knowledge</u>; <u>New Book of Knowledge</u>; <u>New Book of Popular Science</u>. This conduct is allegedly part of a broad pattern of Scholastic infringing third-party photographic content.

In support of these contentions, Palmer Kane submits exhibits containing a list of 146 images containing the licensor or publisher, title, ISBN, agent, invoice number and date, image number, and image description. Three other exhibits contain a copy of the cover page of three books referenced above, which Scholastic published, and a copy of a page in the books with a photograph that Palmer Kane claims was used without permission or beyond the scope of the licensing agreement.

The complaint maintains that Scholastic has attempted to conceal its illegal conduct by ignoring Palmer Kane's request for usage information. This has interfered with Palmer Kane's rightful effort to monitor and protect its copyrights. Therefore, the full extent of Scholastic's unauthorized, unlicensed, and infringing uses of Palmer Kane's images is unknown.

**Legal Analysis**

Motion to Dismiss Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, (2009). In deciding such a motion, a court must accept as true the facts alleged in the complaint, but it should not assume the truth of its legal conclusions. Iqbal, 556 U.S. at 678-79. A court must also draw all reasonable inferences in the plaintiff's favor, and it may consider documents attached to the complaint, incorporated by reference into the complaint, or known to and relied on by the plaintiff in bringing the suit. ATSI Commc'ns, Inc. v. Shaar Fund. Ltd., 493 F.3d 87, 98 (2d Cir. 2007). A court may also consider documents of which a plaintiff would have had actual notice as he drafted his complaint and which are integral to the claims set forth within it. Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991).

Elements of Copyright Infringement Claim

In order to state a claim for copyright infringement a plaintiff must allege "1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." Kelly v. L.L. Cool J., 145 F.R.D. 32, 35 (S.D.N.Y. 1992), aff'd, 23 F.3d 398 (2d Cir. 1994), cert. denied, 515 U.S. 950

(1994). Given "the principle enshrined in Rule 8 – namely, to provide defendants fair notice against them – a plaintiff . . . may not rest on bare-bones allegations that infringement occurred." Sharp v. Patterson, 2004 WL 2480426, *12 (S.D.N.Y. 2004). Instead, Rule 8 requires that the alleged infringing acts be stated with some specificity. Kelly, 145, F.R.D. at 26 n.3.

Analysis

The complaint properly alleges that the copyrights have been registered in stating that the copyrights "that are the subject of this action have been registered with the United States Copyright Office." (para 15). Contrary to defendants' contentions, the complaint is not required to attach copies of registration certificates or provide registration numbers for all of the copyrights at issue in order to survive a motion to dismiss. See Bill Diodato Photography LLC v. Avon Products Inc., 2012 WL 3240428 at *8 (S.D.N.Y. Sept. 21 2012); Richard Feiner & Co., Inc. v. Larry Harmon Pictures Corp., 38 F. Supp. 2d 276, 279 n.2 (S.D.N.Y. 1999).

However, the complaint does not properly specify which works are at issue in the case. In Plunket v. Doyle, as in this case, the plaintiff provided a spreadsheet listing its works, and the registration numbers for a small number of these works,[2] but alleged that the copyright claims are not limited to these works. 2001 WL 175252, at *4 (S.D.N.Y. Feb. 22, 2001). Based on that record,

---

[2] In the present case it is not even clear how and if the 17 registration numbers correspond to the 146 listed works in Exhibit A.

the court determined that "plaintiff has not provided a list of the works potentially at issue in this case and thus fails to meet the first *Kelly* requirement." Id. This court similarly finds that since Palmer Kane has provided a list of works but indicated that this list is not exhaustive, that the complaint fails to specify which works are at issue.

The complaint also does not properly allege the acts that constitute infringement. The complaint contains several broad assertions that Scholastic "exceeded the licenses it obtained to use Plaintiff's images, reused Plaintiff's works without a license" and used the images "without permission" or "prior to obtaining permission." In Marvullo v. Gruner & Jahr, the court determined that a complaint stating that defendants published plaintiff's works "'beyond the scope . . . of the limited license,' absent any factual support, merely states a legal conclusion insufficient to withstand a motion to dismiss." 105 F.Supp.2d 225, 228 (S.D.N.Y. 2000); see also, Plunket, (holding complaint failed to allege infringing acts where it claimed that defendants "entered into, or have offered, licenses purporting to grant third parties the right to exploit the [plaintiff's works] in various media"). While the complaint need not specify which copyright is infringed by which act (see Richard Feiner and Co., Inc. v. Larry Harmon Pictures Corp., 38 F.Supp.2d 276, 279 (S.D.N.Y. 1999), the complaint needs to contain some factual allegations to narrow the infringing acts beyond broad conclusory statements of infringement. See Carell v. Shubert Org., Inc., 104 F. Supp. 2d 236, 251 (S.D.N.Y. 2000).

7

Perhaps the most significant deficiency is the lack of specificity regarding a time period in which Scholastic infringed on Palmer Kane's works. See Mahnke v. Munchkin Products, Inc., 2001 WL 637378 at *5 (S.D.N.Y. June 7, 2001) (dismissing copyright infringement claim for failing to specify the dates or period of time during which defendant allegedly infringed). Although Exhibit A, listing Palmer Kane's works contains an invoice date for each of the images, the complaint makes no mention of these dates, let alone how they relate to a time period in which Scholastic infringed on Palmer Kane's copyrights. The complaint itself simply claims that "Scholastic used and continues to use Plaintiff's photographs in numerous programs and publications," without any mention as to dates.

### Conclusion

This court dismisses Palmer Kane's complaint for failure to state a claim because it fails to sufficiently plead the works at issue, the infringing acts, and the relevant time period in which the infringing acts occurred. Leave is granted to file an amended complaint within 60 days.

The motion for a more definite statement is denied.

Dated: New York, New York
February 26, 2013

Thomas P. Griesa
U. S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/13

8