Jeffrey L. Loop (JL-9260)
Melissa J. Erwin (ME-9119)
CARTER LEDYARD & MILBURN LLP
Two Wall Street
New York, NY 10005
(212) 732-3200

Attorneys for Defendant
CORBIS CORPORATION

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PALMER/KANE LLC, | No. 12-CV-3890 (TPG) |
| Plaintiff, | |
| -*against*- | |
| SCHOLASTIC CORPORATION, SCHOLASTIC, INC., and CORBIS CORPORATION, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**CORBIS CORPORATION'S MOTION TO DISMISS**

CARTER LEDYARD & MILBURN LLP
COUNSELORS AT LAW
2 WALL STREET
NEW YORK, N.Y. 10005

(212) 732-3200

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ............................................................................................... 1

FACTS AS ALLEGED ........................................................................................ 2

    Plaintiff's Jurisdictional Allegations ................................................................. 2

    The Parties ...................................................................................................... 2

    Plaintiff's Claims ............................................................................................ 4

ARGUMENT ..................................................................................................... 5

    Standard Of Review ........................................................................................ 5

    Plaintiff Fails to Allege Facts Sufficient to Establish  Subject Matter Jurisdiction.................... 6

    Plaintiff Fails to Allege a Breach of the TSM,  Zefa and/or Corbis Agreements........................7

        Plaintiff Fails to Identify Any Specific Provisions in the TSM, Zefa  or Corbis
        Agreements Purportedly Breached by Corbis..........................................................8

        Plaintiff Fails to Allege It Ever Made a Timely or Valid Inspection  Demand Under
        the TSM, Zefa or Corbis Agreements....................................................................9

        Plaintiff Is Not Entitled to the Broad Licensing Information It Seeks Under the
        Inspection and Audit Provisions of the TSM, Zefa and Corbis Agreements......................11

        Plaintiff Fails to Allege Any Damages Caused by Corbis' Alleged Breach ..........................12

    Plaintiff's Claim for Breach of the Implied Duty of Good Faith and Fair Dealing is
    Illogical, Speculative and Conclusory ................................................................13

    CONCLUSION.............................................................................................. 17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<span style="font-variant: small-caps">CASES</span>

*Advani Enters., Inc. v. Underwriters at Lloyds,*
  140 F.3d 157 (2d Cir. 1998)..................................................................................7

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009).................................................................................. *passim*

*Barnum v. Millbrook Care Ltd.,*
  850 F. Supp. 1227 (S.D.N.Y. 1994), *aff'd,* 43 F.3d 1458 (2d Cir. 1994) .................................6

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007)................................................................................... *passim*

*Bershire Life Ins. Co. of Am. v. Ochs,*
  No. 06-CV-0657 (DRH) (WDW), 2009 WL 799956 (E.D.N.Y. Mar. 24, 2009)...................10

*Corona Realty Holding, LLC v. N. Hempstead,*
  382 Fed.Appx. 70 (2010) ..................................................................................5

*CreditSights, Inc. v. Ciasullo,*
  No. 05-CV-9345(DAB), 2008 WL 4185737 (S.D.N.Y. Sept. 5, 2008) ...............................7, 8

*Curley v. Brignoli, Curley & Roberts, Assocs.,*
  915 F.2d 81 (2d Cir. 1990)..................................................................................6

*Diversified Media Brokerage Partners v. Upscale Commc'ns, Inc.,*
  No. 07-CV-4285 (ENV) (VVP), 2010 WL 5068936 (E.D.N.Y. Dec. 6, 2010) ......................10

*Dowlah v. Dowlah,*
  2010 U.S. Dist. LEXIS 22196 (E.D.N.Y. Mar. 9, 2010) ...........................................5

*Feick v. Fleener,*
  653 F.2d 69 (2d Cir. 1981)..................................................................................6

*Ferguson v. Lion Holding, Inc.,*
  478 F.Supp.2d 455 (S.D.N.Y. 2007)..................................................................14

*Herrick Co., Inc. v. SCS Communications, Inc.,*
  251 F.3d 315 (2d Cir. 2001)..............................................................................6, 7

*Lerner v. Fleet Bank, N.A.,*
  318 F.3d 113 (2d. Cir. 2003)..............................................................................5

*Levy v. Bessemer Trust Co., N.A.*,
  No. 97-CV-1785 (JFK), 1997 WL 431079, at *5 (S.D.N.Y. July 30, 1997)............................8

*Nisan Motor Acceptance Corp. v. Dealmaker Nissan, LLC*,
  No. 7:09-CV-0196 (GTS) (ATB), 2011 WL 94169 (N.D.N.Y. Jan. 11, 2011)......................14

*Preira v. Bancorp Bank*,
  855 F.Supp.2d 672 (S.D.N.Y. 2012)................................................................14

*Schwartzbaum v. Emigrant Mortgage Co.*,
  No. 09-CV-3848 (SCR), 2010 WL 2484116 (S.D.N.Y. June 16, 2010) ................................6

*Sheppard v. Manhattan Club Timeshare Ass'n, Inc.*,
  No. 11-CV-4362 (PKC), 2012 WL 1890388 (S.D.N.Y. May 23, 2012) ................................14

*Sundahl v. State Farm Mut. Auto. Ins. Co.*,
  No. 8-CV-1342 (JS) (WDW), 2009 U.S. Dist. LEXIS 68093 (E.D.N.Y. Mar. 31,
  2009) ....................................................................................................8, 9

*Swan Media Grp., Inc. v. Staub*,
  841 F.Supp. 2d 804 (S.D.N.Y. 2012)................................................................10

*Syracuse v. Loomis Armored, US, LLC*,
  No. 5:11-CV-00744 (MAD) (GHL), 2012 WL 88332 (N.D.N.Y. Jan. 11, 2012)..................11

*Terwilliger v. Terwilliger*,
  206 F.3d 240 (2d Cir. 2000)............................................................................7

*Wolff v. Rare Medium, Inc.*,
  210 F.Supp.2d 490 (S.D.N.Y. 2002)............................................................7, 8, 12

## STATUTES

28 U.S.C. § 1331 ..........................................................................................2

28 U.S.C. § 1332 ..........................................................................................7

28 U.S.C. § 1338 ..........................................................................................2

28 U.S.C. § 1367 ..........................................................................................7

## OTHER AUTHORITIES

5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235–36 (3d
  ed. 2004) ................................................................................................5

Fed. R. Civ. P. 12...................................................................................................1, 5

Fed. R. Civ. P. 8...............................................................................................1, 11, 16

Defendant Corbis Corporation ("Corbis" or "Defendant") hereby moves to dismiss Plaintiff's claims asserted against Corbis in its Second Amended Complaint and Demand For Jury Trial, filed on April 25, 2013 (the "Complaint") against Corbis and Scholastic Corporation and Scholastic, Inc. (collectively referred to hereinafter "Scholastic"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## **INTRODUCTION**

Corbis submits this memorandum of law in support of its motion to dismiss Plaintiff's claims asserted against Corbis in its Complaint.  Corbis moves to dismiss pursuant to Rule 12(b)(1) for failure to plead facts sufficient to support this Court's subject matter jurisdiction over Plaintiff's claims against Corbis and Rules 12(b)(6) and 8(a) for failure to state facts showing a claim upon which relief may be granted.

As an initial matter, Plaintiff's Complaint is entirely bare of any allegation regarding jurisdiction over its state-law claims against Corbis.  The only jurisdictional statement that Plaintiff makes in its Complaint cites to federal question jurisdiction over its copyright infringement claims against Scholastic.

Aside from Plaintiff's jurisdictional failings, Plaintiff's claims against Corbis also fail as a matter of law because they cannot meet the plausibility threshold required under a Rule 12(b)(6) analysis.  With its first claim against Corbis (Count II of the Complaint for breach of contract), Plaintiff fails to plead any breach of any obligation Corbis owed under any contracts.  Specifically, this claim is premised upon Corbis' supposed failure to provide Plaintiff with certain information, yet Plaintiff alleges no valid or timely demand for such information made under any of the contracts; and even if Plaintiff had, the contracts do not reflect any obligation by Corbis to produce the information Plaintiff seeks.  On the second claim against Corbis (Count III

for breach of the implied duty of good faith and fair dealing), Plaintiff's conclusory claims that Corbis purportedly "refus[ed] to provide Plaintiff with copies of its license agreements regarding Plaintiff's images, knowing that such refusal inhibits or prevents Plaintiff from effectively asserting and enforcing its copyrights to said images" or "refuse[ed] to enforce its license agreements regarding Plaintiff's images, while it knew or had reason to know that the terms of such images had been violated by the licensees, including but not limited to Scholastic" entirely lack any supporting factual allegations that rise to a plausible claim for relief.  Plaintiff includes absolutely no fact as to even a single license agreement to support these allegations. Accordingly, Corbis requests that Plaintiff's claims against it be dismissed in their entirety.

## FACTS AS ALLEGED

The following summarizes the factual allegations of the Complaint that are relevant to Plaintiff's causes of action.[1]

### Plaintiff's Jurisdictional Allegations

Plaintiff's sole allegation in the Complaint regarding this Court's subject matter jurisdiction invokes federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and the Copyright Act.  The Complaint is devoid of any allegations as to Plaintiff's state law claims against Corbis.

### The Parties

Plaintiff Palmer/Kane LLC is a Vermont limited liability stock photography production corporation that produces and licenses images through agencies such as Corbis, Getty and Alamy and occasionally directly to the end user.  Compl. ¶¶ 5, 7.  Plaintiff is the owner of copyrights to

---

[1]    As set forth under the Standard of Review section, *infra*, the Court must accept all facts alleged as true, but not  legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

the photos of photographer Gabe Palmer. *Id.* ¶¶ 9, 15. Plaintiff entered into separate written agreements with two stock photo licensing agencies: The Stock Market Photo Agency of New York, Inc. ("TSM") on or about June 21, 2000 (*see id.* at Ex. T) (the "TSM Agreement"), and Zefa Visual Media Group ("Zefa"). *Id.* ¶¶ 53 - 55. Plaintiff fails to attach the agreement with Zefa as an exhibit to the Complaint or to allege the date when in entered into the that agreement. *Id.* ¶ 56. By these two agreements, Plaintiff appointed TSM and Zefa as its agents with respect to licensing of Plaintiff's stock photographs to publishers. *Id.* ¶¶ 53 - 55.

Corbis is a Nevada corporation with offices at 250 Hudson Street, New York, New York. *Id.* ¶ 13. Corbis licenses photographs to various entities, including publishers. *Id.* at ¶14. Corbis acquired TSM in 2000 and Zefa in 2005, and in doing so, assumed all of TSM's and Zefa's rights and obligations under their respective agreements. *Id.* at ¶¶ 54, 56. Corbis entered into a Photographer Representation Agreement with Palmer/Kane on or about October 16, 2003 *(see id.* at Ex. U) (the "Corbis Agreement"). Although the Complaint omits the dates of expiration, by its terms the TSM Agreement expired on June 21, 2003, and the Corbis Agreement expired on October 7, 2006 (Ex. T at 7; Ex. U at 4). Plaintiff claims that at all times it retained ownership of the copyrights in its photographs. *Id.* ¶ 14.

Defendant Scholastic is a publisher and distributor of textbooks and other educational materials. *Id.* at ¶ 10. Plaintiff alleges that Scholastic has "published, used and continues to use" the photographs listed in Exhibit A to the Complaint in the publications Plaintiff identifies as to each photograph and that such use was unauthorized and unlicensed in that the licenses have expired or the terms and conditions of the licenses have been exceeded or otherwise violated. *Id.* at ¶ 17 - 19.

**Plaintiff's Claims**

The Complaint asserts a copyright infringement claim against Scholastic based on the allegation that Scholastic knowingly and willfully used photographs copyrighted by Plaintiff without Plaintiff's authorization or consent. *Id.* at ¶ 65. In contrast, Plaintiff's Complaint against Corbis consists of two contract-related claims: breach of contract (Count II) and breach of the implied duty of good faith and fair dealing (Count III). *See id.* ¶¶ 70 - 76. By the explicit terms of both the TSM and Corbis Agreements, each claim is governed by New York State law. *See* TSM Agreement ¶ 15e; Corbis Agreement ¶ 12.3. No allegation of copyright infringement is made against Corbis.

Plaintiff's claim for breach of contract is based only on its assertion that Plaintiff has a right to inspect Corbis' books and records under the TSM, Zefa and Corbis Agreements, and that Corbis committed breach by its purported "refusal to produce books and records reflecting the terms of the licenses it issued for Palmer/Kane's photographs to publishers, including but not limited to Scholastic . . . ." *Id.* at ¶ 71. In support of this claim, Plaintiff essentially makes two generalized factual allegations: (1) that on "numerous occasions" Plaintiff "requested Corbis to provide copies of Corbis' license agreements with publishers that include [Plaintiff's] images" but that Corbis purportedly refused Plaintiff's requests; and (2) that Corbis purportedly "continues to refuse to respond to all requests for information from [Plaintiff]". *Id.* at ¶¶ 58 - 59. The Complaint does not contain any specific allegations concerning when or how, if ever, Plaintiff made any such requests for information. Likewise, the Complaint omits any specific allegations regarding the purported provisions of the TSM, Zefa or Corbis Agreements that are supposedly implicated by those requests, to the extent they did occur, and what obligations, if any, Corbis had to respond.

- 4 -

Plaintiff's second claim asserts that Corbis breached an implied duty of good faith and fair dealing under the TSM, Zefa and Corbis Agreements: (1) when it allegedly refused to produce copies of licensing agreements to Plaintiff with respect to Plaintiff's photographs; and (2) by allegedly doing nothing to redress licenses that Corbis knew to be violated by Scholastic and other unnamed parties. *Id.* at ¶¶ 75 - 76. The Complaint is barren of any supporting factual allegations demonstrating that Plaintiff was entitled to copies of licenses pursuant to any provision of the TSM, Zefa or Corbis Agreements, how Corbis (or who at Corbis) could have known of any alleged license violations by Scholastic or other unnamed parties, or which instances of violation purportedly went without redress.

## ARGUMENT

### Standard Of Review

Federal Rule of Civil Procedure 12 is the vehicle by which a party can test the legal sufficiency of a pleading.[2]  A complaint cannot withstand a motion to dismiss unless it sets forth a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Corona Realty Holding, LLC v. N. Hempstead*, 382 Fed.Appx. 70 (2010).  Claims are "plausible" when they plead facts that lead to "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  This standard requires "more than a sheer possibility" of entitlement to relief.  *Id.*  The factual allegations in a pleading "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citing 5 C. Wright

---

[2]     The standards of review for motions to dismiss under Rules 12(b)(6) and 12(b)(1) are "substantively identical, with the exception that the party invoking the jurisdiction of the Court has the burden of proof in a 12(b)(1) motion, in contrast to a 12(b)(6) motion, in which the defendant has the burden of proof." *Dowlah v. Dowlah*, 2010 U.S. Dist. LEXIS 22196 (E.D.N.Y. Mar. 9, 2010) (citing *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d. Cir. 2003)) (internal citations omitted).

& A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235–36 (3d ed. 2004)).   Where the facts pled are "merely consistent" with liability, the claim "stops short of the line between possibility and plausibility." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).   Of course, "mere conclusory statements" are insufficient to meet this burden.   *Id.* (citing *Twombly*, 550 U.S. at 555).   Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."   *Id.*   To the contrary, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."   *Id.*   When the allegations in a pleading, however true, cannot raise a claim of entitlement to relief, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court."   *Twombly*, 550 U.S. at 557 (citations and internal quotations omitted).

Moreover, where allegations in the complaint are contradicted by documents relied on in the complaint - whether attached to the complaint or not - it is the documents that control, and the court cannot accept the contradictory allegations in the complaint as true in deciding a motion to dismiss.   *See, e.g., Barnum v. Millbrook Care Ltd.*, 850 F. Supp. 1227, 1232–33 (S.D.N.Y. 1994), *aff'd*, 43 F.3d 1458 (2d Cir. 1994); *Feick v. Fleener*, 653 F.2d 69, 75 (2d Cir. 1981); *Schwartzbaum v. Emigrant Mortgage Co.*, No. 09-CV-3848 (SCR), 2010 WL 2484116, at *3 (S.D.N.Y. June 16, 2010).

### Plaintiff Fails to Allege Facts Sufficient to Establish Subject Matter Jurisdiction

Subject matter jurisdiction is "an unwaivable *sine qua non* for the exercise of judicial power."   *Herrick Co., Inc. v. SCS Communications, Inc.*, 251 F.3d 315, 321 (2d Cir. 2001) (quoting *Curley v. Brignoli, Curley & Roberts, Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990)).   Here, Plaintiff has not asserted any grounds for jurisdiction over its state-law claims against Corbis, and instead leaves Corbis and the Court to essentially guess as to what such grounds may be.

The federal question jurisdiction asserted by Plaintiff clearly does not apply to its claims against Corbis, and Plaintiff does not sufficiently plead any alternative grounds for jurisdiction, such as diversity or supplemental jurisdiction.

Specifically, it is well-established that the party seeking to invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332 "bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick*, 251 F.3d at 322-23 (quoting *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998)). The party seeking to establish diversity jurisdiction must also demonstrate that the sum or value in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Here, Plaintiff fails to allege any facts demonstrating damages - in any amount - attributable to alleged conduct by Corbis. Thus, Plaintiff has not met its burden of demonstrating that diversity jurisdiction exists in this matter. Similarly, Plaintiff fails to invoke supplemental jurisdiction under 28 U.S.C. § 1367 or make any concrete allegation regarding why supplemental jurisdiction may be appropriate in this case. Based upon this fundamental failure, Plaintiff's claims against Corbis must be dismissed.

### Plaintiff Fails to Allege a Breach of the TSM, Zefa and/or Corbis Agreements

To establish a breach of contract under New York law, a plaintiff must plead: (1) the existence of a contract; (2) breach of the contract; and (3) injury resulting from the breach. *See, e.g., Wolff v. Rare Medium, Inc.*, 210 F.Supp.2d 490, 494 (S.D.N.Y. 2002), citing *Terwilliger v. Terwilliger*, 206 F.3d 240, 245-46 (2d Cir. 2000); *see also CreditSights, Inc. v. Ciasullo*, No. 05-CV-9345(DAB), 2008 WL 4185737, at *10 (S.D.N.Y. Sept. 5, 2008) (alternatively stating that a breach of contract claim "must allege: (1) existence of a contract; (2) the claimant has performed his or her obligations under the contract; (3) the defendant failed to perform his or her

obligations [thereunder]; and (4) damages resulted to the plaintiff.") (citations omitted).  Here,

Plaintiff's breach of contract claim fails for at least four different reasons.

### Plaintiff Fails to Identify Any Specific Provisions in the TSM, Zefa or Corbis Agreements Purportedly Breached by Corbis

First, the breach of contract claim fails for the simple reason that Plaintiff does not

identify any specific contractual term that was purportedly breached by Corbis.  New York law is

well-settled that to plead the elements of a breach of contract claim, a plaintiff "must identify the

specific provision of the contract that was breached as a result of the acts at issue." *Wolff*, 210

F.Supp.2d at 494 (citing *Levy v. Bessemer Trust Co., N.A.*, No. 97-CV-1785 (JFK), 1997 WL

431079, at *5 (S.D.N.Y. July 30, 1997)); *see also CreditSights*, 2008 WL 4185737, at *11

("New York law is eminently clear that a proper breach of contract claim must identify

specifically breached contact terms.  None are so alleged in the counterclaims."); *Sundahl v.

State Farm Mut. Auto. Ins. Co.*, No. 8-CV-1342 (JS) (WDW), 2009 U.S. Dist. LEXIS 68093, at

*23 (E.D.N.Y. Mar. 31, 2009) (same).  In its Complaint, Plaintiff cites to no specific provisions

of the TSM, Zefa or Corbis Agreements that Corbis purportedly breached.  Instead, Plaintiff

merely attaches copies of the TSM and Corbis Agreements - while entirely omitting to attach a

copy of the Zefa Agreement - leaving Corbis (and the Court) to speculate and surmise which

provision(s) are at issue.  Under New York law, such pleading is deficient to state a claim and

Corbis' motion to dismiss should be granted on this straightforward issue alone.  *See Wolff*, 210

F. Supp. 2d at 496 (dismissing amended breach of contract claim with prejudice where plaintiff

twice failed to identify specific provision of agreement that was allegedly breached);

*CreditSights*, 2008 WL 4185737, at *11 (dismissing counterclaim for breach of contract where

counterclaim plaintiff failed to allege the specific contractual provisions allegedly breached);

*Sundahl*, 2009 U.S. Dist. LEXIS 68093, at *24-25 (dismissing breach of contract claim where plaintiffs failed to set forth the precise provision they claimed was breached).

*Plaintiff Fails to Allege It Ever Made a Timely or Valid Inspection Demand Under the TSM, Zefa or Corbis Agreements*

Second, even assuming the provisions Plaintiff asserts to be breached were the audit and inspection clauses in the TSM and Corbis Agreements, the Complaint is wholly deficient in alleging any acts of breach by Corbis under those provisions, or for that matter, that these provisions were ever implicated.[3]  There is no allegation that Plaintiff ever made a demand for inspection under either the TSM or Corbis Agreements, let alone when and how any such demand was made, and under which contract.[4]  There are certainly no allegations that

---

[3]      The TSM Agreement provides:

> You have the right, ***upon reasonable notice*** and during regular business hours, to inspect TSM books and records and to make extracts of the books and records that deal with your images. ***In the event that TSM has underpaid you*** by an amount equal to or in excess of five (5) percent of all monies due you, TSM shall bear the actual, out-of-pocket costs and expenses of the inspection and shall also pay you all past due sums with interest equal to what could have been earned on the amount underpaid if the money had been placed in a bank savings account.  The foregoing shall not be deemed to be a waiver or limitation of any other rights or remedies you may have in the event of such underpayment.

*See* TSM Agreement ¶ 6(d) (emphasis added).  The Corbis Agreement provides:

> ***No more than once per year, you may request in writing*** an audit of Corbis' records with respect to the sales of your Accepted Images.  Such audit shall occur within sixty (60) days of your request at a location and time approved by Corbis.  The auditor shall be subject to Corbis' prior written approval, not to be unreasonably withheld (and not required if such auditor is a validly licensed certified public accountant).  The auditor shall sign Corbis' current non-disclosure Agreement and shall be granted access to all materials that are reasonably necessary in order to perform the audit.  The audit shall be at your expense.  ***If a deficit occurs, Corbis shall promptly pay you the actual dollar amount of such deficit and interest*** of twelve percent (12%) per annum, and, if the audit reveals an error of more than ten percent (10%) of funds due you, the reasonable cost of such audit.  You shall not be entitled to sums, interest or any other form of financial or equitable relief beyond that provided in the preceding sentence.

*See* Corbis Agreement ¶ 4 (emphasis added).

[4]      Given its complete absence from the record, the Zefa Agreement offers no additional support for a breach claim.

"reasonable notice" was provided, as required by the TSM Agreement, or that a written request was provided, as required by the Corbis Agreement.

Moreover, given that the Agreements at issue have, on their face, expired, Plaintiff's failure to allege the date(s) of its supposed demand(s) for audit or inspection is particularly problematic. *See* Compl. Ex. T at 7 (TSM Agreement expired in June, 2003); Compl. Ex. U at 4 (Corbis Agreement expired on October 7, 2006). Plaintiff does not plead the survival of any contractual rights or obligations post-expiration. Accordingly, Plaintiff entirely fails to allege, as it must, that a breach of some contract occurred while that contract was still operative. *See Diversified Media Brokerage Partners v. Upscale Commc'ns, Inc.*, No. 07-CV-4285 (ENV) (VVP), 2010 WL 5068936, at *1-2 (E.D.N.Y. Dec. 6, 2010) (dismissed breach of contract claim on basis that alleged breach occurred after expiration of contract).

Rather than providing these necessary allegations Plaintiff only alleges that it "[o]n numerous occasions, requested Corbis to provide copies of Corbis' license agreements with publishers that include [Plaintiff's] images." Compl. ¶ 58. Based only upon this extremely general allegation, it is simply not plausible to conclude that Plaintiff ever actually made a demand for inspection or audit in compliance with the notice requirements of either the TSM or Corbis Agreements.

Without plausibly alleging any such demand, Plaintiff fails to allege any ripe obligation, much less breach, by Corbis. *See, e.g., Swan Media Grp., Inc. v. Staub*, 841 F.Supp. 2d 804, 807 (S.D.N.Y. 2012) (dismissing breach of contract claim where plaintiff failed to identify which clause of agreement defendant allegedly breached or through what actions or inactions); *Bershire Life Ins. Co. of Am. v. Ochs*, No. 06-CV-0657 (DRH) (WDW), 2009 WL 799956, at *4 (E.D.N.Y. Mar. 24, 2009) (plaintiff's breach of contract claim failed to meet minimal pleading

requirements of Rule 8 where it failed to plead facts giving notice of the contractual provisions allegedly breached or the nature of the breach); *Syracuse v. Loomis Armored, US, LLC*, No. 5:11-CV-00744 (MAD) (GHL), 2012 WL 88332 at *5 (N.D.N.Y. Jan. 11, 2012) (dismissing breach of contract claim where complainant indicated multiple different contracts but failed to indicate under which contract defendant's obligations arose, upon which terms liability was predicated, and that plaintiff had performed its own obligations under the contract).

### Plaintiff Is Not Entitled to the Broad Licensing Information It Seeks Under the Inspection and Audit Provisions of the TSM, Zefa and Corbis Agreements

Third, assuming *arguendo* that Plaintiff made a timely inspection demand under any of the Agreements, neither the TSM Agreement nor the Corbis Agreement allow for the broad licensing information demanded by Plaintiff.[5]  The TSM and Corbis Agreements provide for inspection and audit rights related to whether or not the royalties owed by Corbis (or its predecessors) were accurately calculated and paid, not for discovery in aid of a lawsuit against Scholastic.  *See, e.g.*, TSM Agreement ¶ 6(d); Corbis Agreement ¶ 4.  The amounts owed by Corbis to Plaintiff are determined simply as a percentage of the amounts Corbis received from licenses.  *See* TSM Agreement ¶ 6(a); Corbis Agreement p. 7, Royalty Schedule.  Here, Plaintiff has never alleged any miscalculation or underpayment of royalties from Corbis.  Nor does Plaintiff claim in its Complaint to have been seeking documents for the purpose of determining the propriety of amounts paid by Corbis.

Instead, Plaintiff's focus appears to be on license agreements entered into by Corbis with its licensees - an entirely separate and distinct form of record.  There is simply no provision in either the TSM Agreement or the Corbis Agreement that supports Plaintiff's conclusory

_____

[5]      Again, Plaintiff cannot rely upon the Zefa Agreement because it failed to attach it to the Complaint or allege any of its provisions.

assertions of an unlimited right to request such "books and records reflecting the terms of the licenses [Corbis] issued for [Plaintiff's] photographs to publishers, including but not limited to Scholastic." *See* Compl. ¶ 71.  The right to audit and inspect Corbis' royalty related records - pursuant to a specific audit procedure, which in the case of the Corbis Agreement requires retention of an auditor - simply cannot be equated to the wholesale right to request and receive all licensing documentation.

Viewed in this manner, Plaintiff's breach of contract claim appears to be an attempted end-run around proper discovery procedures for Plaintiff's claims against Scholastic.  Plaintiff's Complaint argues that Plaintiff cannot "effectively assert[] its copyrights to licensed images" without information from Corbis.  *Id.* at ¶ 72.  If Corbis has relevant information, Plaintiff can serve and enforce a subpoena on Corbis during the course of discovery.  But Plaintiff's effort to convert its desire for discovery into a breach of contract claim attempts to cram a square peg into a round hole.

*Plaintiff Fails to Allege Any Injury Caused by Corbis' Alleged Breach*

Fourth, Plaintiff fails to sufficiently allege that it has suffered any actual injury as a result of alleged conduct by Corbis in breach of the TMS, Zefa or Corbis Agreements.  *See Wolff*, 210 F. Supp.2d at 494 (S.D.N.Y. 2002).  Instead, Plaintiff only alleges that it has been harmed in being prevented from "effectively asserting its copyrights to licensed images." *See* Compl. ¶ 72. But this allegation of harm is betrayed by the very copyright infringement claims that Plaintiff now asserts against Scholastic.  Plaintiff has proven, by filing this lawsuit, that is has not been prevented from "asserting its copyright to licensed images," because it is, in fact, doing so now.

Moreover, it is axiomatic that Plaintiff cannot rely upon the copyright damages that it seeks from Scholastic to meet the damages element of its contract claim against Corbis.  If Scholastic did infringe on Plaintiff's copyrights, as alleged, then Plaintiff will be made whole by

recovering damages from Scholastic, and not from Corbis, for Scholastic's infringement.  By contrast, if Scholastic is not liable for any infringement because, in fact, no infringement occurred, this only supports the conclusions that Corbis' alleged failure to provide Plaintiff with copies of its license agreements caused no actual harm.  Either way, Plaintiff's allegations fail to provide a plausible basis for a damages award against Corbis or a finding of any other injury flowing from the alleged breaching conduct.

Absent pleading of the particular contract and provision allegedly breached, a proper contractual notice triggering a duty by Corbis prior to the contract's expiration, breach of that duty, and injury resulting therefrom, no contract claim has been stated and thus Count II of the Complaint should be dismissed.

### Plaintiff's Claim for Breach of the Implied Duty of Good Faith and Fair Dealing is Illogical, Speculative and Conclusory

Plaintiff alleges that Corbis violated the covenant of good faith and fair dealing imposed under the TSM, Zefa and Corbis Agreements by (i) failing to provide Plaintiff with copies of the license agreements regarding Plaintiff's photographs "knowing" that its refusal "inhibits or prevents Plaintiff from effectively asserting and enforcing its copyright" and by (ii) allegedly refusing to enforce its license agreements "while it knew or had reason to know that the terms of such license agreements had been violated by the licensees, including but not limited to Scholastic."  Compl. ¶¶ 75 - 76.  These conclusory allegations are utterly untethered to any facts in the Complaint.  Far from containing sufficient factual matter to make such allegations plausible (*Twombly*, 550 U.S. at 556), Plaintiff's theory makes no sense.  The idea that Corbis would, in bad faith, fail to collect money on behalf of a photographer - when Corbis' own compensation depends on the fees it collects and shares pro-rata with photographers - is

inherently implausible and counterintuitive.  Absent any supporting factual allegations, these bald conclusions fail to meet the threshold pleading standards of *Twombly* and *Iqbal*.

Plaintiff fails to allege even the most basic facts needed to push this allegation "across the line from conceivable to plausible," and to allow the court to draw "a reasonable inference that [Corbis] is liable for the misconduct alleged.  *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Complaint does not identify any communication, any time frame, or any knowledge Corbis purportedly had or could access that would support the inference that Corbis knowingly failed to enforce license agreements with Scholastic or other unnamed publishers.  Yet such facts are critical to any claim that Corbis knowingly failed to enforce any claims for infringement.

The law is clear that such conclusory allegations as Plaintiff asserts are insufficient to state a claim for breach of the implied duty of good faith and fair dealing.  *See, e.g., Nisan Motor Acceptance Corp. v. Dealmaker Nissan, LLC*, No. 7:09-CV-0196 (GTS) (ATB), 2011 WL 94169, at *5 (N.D.N.Y. Jan. 11, 2011) ("To prove a violation of the implied covenant of good faith and fair dealing, conclusory allegations of a party's failure to act in good faith alone are insufficient; specific factual allegations of a party's bad faith acts are required.") (quoting *Ferguson v. Lion Holding, Inc.*, 478 F.Supp.2d 455, 469 (S.D.N.Y. 2007)); *Sheppard v. Manhattan Club Timeshare Ass'n, Inc.*, No. 11-CV-4362 (PKC), 2012 WL 1890388, at *7-8 (S.D.N.Y. May 23, 2012) (breach of implied covenant of good faith and fair dealing dismissed for failure to allege facts plausibly supporting such a claim); *Preira v. Bancorp Bank*, 855 F.Supp.2d 672, 681 (S.D.N.Y. 2012) (dismissing breach of implied covenant of good faith and fair dealing where plaintiff failed to allege facts showing defendants acted in manner that deprived plaintiff of rights to receive benefits under contract).

- 14 -

Plaintiff's failure to allege facts supporting the requisite allegations of bad intent by Corbis is analogous to - and, in fact, substantially more deficient than - the allegations found insufficient in *Twombly* itself.  In *Twombly*, the plaintiffs accused certain incumbent suppliers of telecommunication services of a horizontal restraint of trade, based on their conscious and parallel behavior in refusing to strike deals to provide access to local operators.  The plaintiffs further alleged that an illegal intent could be inferred, because, absent such an agreement, each individual incumbent's self-interest would drive it to enter deals with the local licensees. *Twombly*, 550 U.S. at 549-52, 564-65.  The Supreme Court found these allegations insufficient to draw an inference of illegal intent.  "Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading state; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.... Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation or agreement at some unidentified point does not supply facts adequate to show illegality." *Twombly*, 550 U.S. at 556-57.

Here, even more than in *Twombly*, Plaintiff has alleged no factual basis upon which to infer the improper intent that Plaintiff's bad faith claim requires.  Just as no facts in *Twombly* allowed inference of the incumbents' illegal intent to agree, no facts in this case allow an inference of bad-faith knowledge or intent by Corbis.  Moreover, in contrast to *Twombly* - where the allegation of the *necessity* of an illicit agreement to effectuation of the incumbent's economic self-interests was still insufficient to infer their agreement - here, no economic self-interest of Crobis supports Plaintiff's claim.  Corbis shares all incoming licensing revenue with Plaintiff pro-rata.  *See* TSM Agreement ¶ 6(a); Corbis Agreement, p. 7, Royalty Schedule.  Corbis' economic interest is therefore aligned with Plaintiff's in collecting the maximum revenue from

Scholastic and all publishers.  Plaintiff's implication to the contrary is unsupported and illogical.  No facts support the plausibility of this contention.  Finally, in *Twombly*, the plaintiffs had at least alleged some predicate bad acts, which, if coupled with wrongful intent, might state a claim: specifically, the incumbents conscious refusal to deal with the local operators.  In the present case, there is no allegation of any such underlying bad act, as Plaintiff has failed to allege any facts in support of its conclusory allegation that Corbis "knew or had reason to know" that Scholastic and other publishers were exceeding the terms of their license agreements with Corbis and that Corbis refused to enforce its license agreements.

At bottom, Plaintiff is not entitled to use such blanket and speculative allegations to get unlimited, costly discovery, embracing a wide swath of Corbis' business of licensing to Scholastic and other unnamed publishers.  *See, e.g., Iqbal,* 556 U.S. at 678-79 ("Rule 8 . . . does not unlock the door of discovery for a plaintiff armed with nothing more than conclusions.").  Plaintiff should not be permitted to launch a classic fishing expedition, based on nothing more than conclusions, coupled with the speculative hope of uncovering evidence for this action or, worse, information actually intended for use to bring additional lawsuits against other publishers.

Because Plaintiff has failed to allege facts to support them, its breach of contract and good faith and fair dealing claims should both be dismissed.

## CONCLUSION

For the foregoing reasons Corbis respectfully requests that the Court dismiss with prejudice Counts II and III of the Complaint.

Dated: New York, New York
       June 14, 2013

CARTER LEDYARD & MILBURN LLP

By: _____

Jeffrey L. Loop (JL-9260)
Melissa J. Erwin (ME-9119)
Two Wall Street
New York, NY 10005
Telephone No. (212) 732-3200

*Attorneys for Defendant Corbis Corporation*