**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

RECEIVED
JUN 25 2013
U.S.D.C. S.D.N.Y.
CASHIERS

| | | |
|---|---|---|
| PALMER/KANE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 1:12-cv-03890-TPG |
| | ) | |
| v. | ) | |
| | ) | |
| SCHOLASTIC CORPORATION, | ) | **THIRD AMENDED** |
| SCHOLASTIC, INC., and CORBIS | ) | **COMPLAINT AND** |
| CORPORATION, | ) | **DEMAND FOR** |
| | ) | **JURY TRIAL** |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |

The Plaintiff, Palmer/Kane LLC, by and through its undersigned counsel,

realleges its claims against Defendants Scholastic Corporation and Scholastic, Inc. as set

forth in its Second Amended Complaint and Demand For Jury Trial (Doc. No. 20), and

amends as of right its claims against Defendant Corbis, as follows:

## JURISDICTION AND VENUE

1.      This is an action for (i) copyright infringement by reason of Defendants

Scholastic Corporation's and Scholastic, Inc.'s infringing uses of Plaintiff's copyrighted

photographs; and (ii) breach of contract and breach of implied duty of good faith and fair

dealing against Defendant Corbis by reason of Corbis' refusal to provide documents

showing the extent of the infringement of Plaintiff's copyrights, and failing to take action

against unauthorized use of Plaintiff's copyrighted photographs.

2.      This Court possesses subject matter jurisdiction over this action pursuant

to the provisions of 28 U.S.C. Sections 1331 and 1338(a), because this action arises under

the Copyright Act of 1976, 17 U.S.C. Sections 101 *et seq*. This Court possesses

supplemental subject jurisdiction matter over the state law claims in this action pursuant to 28 U.S.C. Section 1367, because those claims are so related to the claims over which the Court possesses original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  In addition, this Court has original jurisdiction as to the claims asserted herein against defendant Corbis pursuant to 28 U.S. Section 1332, because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

3.      Venue is proper in this District under 28 U.S.C. Sections 1391(a) and (b) and 1400(a), since Defendants reside in this District and a substantial portion of the misconduct by Defendants here alleged occurred in this District.

**THE PARTIES**

4.      Gabe Palmer, a resident of the State of Vermont, is a professional photographer who makes his living taking and licensing photographs.

5.      The Plaintiff, Palmer/Kane LLC, is a Vermont limited liability corporation.

6.      Gabe Palmer created the photographs herein alleged as works-made-for-hire for Plaintiff or its predecessor, Palmer/Kane, Inc. (collectively "Palmer/Kane").

7.      Palmer/Kane is a stock photography production company that produces commercial imagery licensed through agencies such as Corbis, Getty and Alamy and occasionally directly to the end user.  It has been in business for 38 years.  Over the last 20 years Palmer/Kane has issued, through its agents, over 5,000 licenses for book use through The Stock Market and Corbis, many of them to Scholastic.

8.    All Palmer/Kane images represented by Corbis, its predecessor The Stock Market, Getty Images, and the majority of images represented by Alamy are licensed under the rights management (RM) model.  RM license fees are calculated based on the specific media in which the image will appear and the exposure the image will have. Factoring the fee requires consideration of industry, media, image size, frequency, image placement, languages, geographic distribution, press run, and start/expiration dates.  The licensing agency's price calculator constitutes a good indicator of the breadth and depth of licensed use.

9.    Palmer/Kane is the owner of the copyrights in and to each of the photographs of Gabe Palmer as to which a claim of copyright infringement is asserted in this Amended Complaint.

10.    Defendant Scholastic Corporation ("Scholastic") is a publisher and distributor of textbooks and other educational materials.

11.    Defendant Scholastic, Inc. is a division or subsidiary entity of Scholastic Corporation.

12.    Scholastic is the world's largest publisher and distributor of children's books, and, though numerous divisions, companies, and imprints, publishes and distributes written and pictorial content throughout the United States and in many foreign countries.

13.    Defendant Corbis Corporation ("Corbis") is a Nevada corporation with offices at 250 Hudson Street, New York, New York.

14.    Corbis acts as a worldwide agent for distribution and representation of photographers with whom it has Photographer Representation Agreements and on whose

behalf it licenses photographs to publishers.  The photographers retain copyright ownership over the images.  Corbis maintains a website where users can search for images from an image library to select images to be licensed.  The scope of licensed rights, including the term and geographical coverage of the license, the types of permitted publications or other media, and the number of permitted copies, is set forth in licenses between Corbis and the licensee.

## FACTS

15.     Plaintiff is the owner of the copyrights to the photographs of Gabe Palmer that are named, depicted and described in Exhibit A hereto as explained in the Key included in the front of Exhibit A.

16.     Each of the photographs in Exhibit A is registered with the U.S. Copyright Office under a certificate bearing the registration number stated in Exhibit A as to that photograph.

17.     Scholastic has published, used and continues to use each of the photographs in Exhibit A at least in the publications listed as to each such photograph, each of which publications was on sale as of the date of filing of this Amended Complaint.

18.     On information and belief, each of such uses by Scholastic as to each of said photographs was unauthorized and unlicensed.

19.     On information and belief, to the extent that any of such uses was ever licensed, such license has expired or its terms and conditions have been exceeded or otherwise violated.  Facts known to Plaintiff regarding the specific license (or absence thereof) as to each photograph contained in Exhibit A, as well as the scope of use of each

photograph, are set forth below. The licenses themselves are in the possession of

Scholastic and/or Corbis (except as to the license from Alamy regarding photographs 11

and 12 as alleged below in Paragraph 26) and have not been provided to Plaintiff. The

information pertaining to the scope and duration of use of the said photographs is in the

possession Scholastic and/or Corbis and has not been provided to Plaintiff.

     20.    On information and belief, a substantial number of additional photographs

of Gabe Palmer that are the subjects of valid copyright registrations owned by Plaintiff

have been and are still being published and used by Scholastic without license or

authorization.

     21.    The photograph entitled "Boys Watching Bear At Seattle Zoo," shown in

Exhibit A as photograph 1, was registered under Certificate of Registration No.

VA0001297358, a copy of which is attached as Exhibit B. It is contained in the

Scholastic publication, "Can You Guess?" which is currently on sale. This book was

published in hardcover on September 1, 2004 and in paperback on March 1, 2005. The

image was licensed on April 27, 2005, 8 months after the first printing for a fee of $114.

That fee corresponds to small insertion in a press run of 1000 copies for up to 5 years of

domestic distribution. However, the actual use by Defendant was for a full page insertion

with a worldwide distribution that is still being sold, and is unlicensed.

     22.    The photograph entitled "Engineer and Foreman at Bridge Construction

Site," shown on Exhibit A as photographs 2 and 3, was registered under Certificate of

Registration No. VA0001833781, a copy of which is attached as Exhibit C. It is printed

in both Canada and the United States by Scholastic/Children's Press in the book entitled,

"Bridges," a "True Book, which is currently for sale on the Scholastic website. True

Books have been expanded into TrueFlix, an online accessible book with interactive features, video and audio.  On information and belief, use of this photograph was not licensed to Scholastic for the initial printing.  In 2001, at the request of Scholastic, Plaintiff agreed to a "re-license" of this photograph, but only for 5000 copies in North America.  On information and belief, these limits have been surpassed, and Scholastic's current use is unlicensed.

23.  The photograph entitled "Family Making Pasta," shown on Exhibit A as photographs 4 and 5, was registered under Certificate of Registration No. VAu000529623, a copy of which is attached as Exhibit D.  It is printed in both Canada and the United States by Scholastic in the book entitled, "Hot Numbers, Cool Math" which is currently for sale on the Scholastic website, with the versions depicted appearing on pages 21 and 31, and a cropped version in the glossary.  On information and belief, the current use of this photograph was not licensed to Scholastic; the use of the cropped photograph was never licensed.

24.  The photograph entitled "Family Watching Falling Stars," shown on Exhibit A as photograph 6, was registered under Certificate of Registration No. VAu529623, a copy of which is attached as Exhibit D.  It is printed in both Canada and the United States by Scholastic/Children's Press in the book entitled "My Eyes," which is currently for sale on the Scholastic website.  The same photograph is also printed and used in the book, "POP," which is for sale in the Teacher Store on the Scholastic Website, as shown in item 22 of Exhibit A.  Scholastic obtained a license for book use of this photograph in 2001; on information and belief, its usage has exceeded the number and term permitted under said license.  As shown in item 23 of Exhibit A, "POP" is part

of the ReadingLinePhonics Kit including a Take-Home Activities Book to be photocopied by the teacher that includes this image.  As shown in item 24 of Exhibit A, ReadingLine kits including "POP" are now being promoted on the Scholastic Malaysian website for Chinese speakers and elsewhere.  On information and belief, such uses are unlicensed.

25.    The photograph entitled "Snowman," shown on Exhibit A as photographs 7, 8, 9, and 10, was registered under Certificate of Registration No. VA-1-823-597, a copy of which is attached as Exhibit E.   It is contained in the Scholastic publication entitled, "Water," which is now for sale in Australia, China, the United Kingdom, and the United States through Scholastic websites.  The image was licensed by Scholastic on November 20, 2000 for a poster, but the book was first published in June, 1998.  It was also published in Australia in 1999, in the UK in 2001, and in China in an unknown year. The book is available worldwide.  Plaintiff's copy of the book is its 10th edition.  On information and belief, such uses are unlicensed.

26.    The photograph entitled "Kids With Pet Hamster," shown on Exhibit A as photographs 11 and 12, was registered under Certificate of Registration No. VA0001833770, a copy of which is attached as Exhibit F.  It is contained in the Scholastic book, "Your Pet Hamster," and was licensed to Scholastic by Alamy under a license permitting 25,000 copies for North American use that expired in 2009.  These limits have been exceeded.  This book is on sale in the United States and in Germany, Romania, Taiwan, France, Spain, China, Singapore, Sweden, India, the Netherlands, Brazil, United Kingdom, Russia, Japan, Italy, New Zealand, Czech Republic, Australia,

Norway, and Austria, on websites listed as examples in the Addendum to Exhibit A. Such uses are unlicensed.

27.     The same "Kids With Pet Hamster" photograph is on sale under the Paw Prints imprint [owned by Baker & Taylor, Inc.] and distributed to an unknown number of libraries including 487 participating in worldcat.org as shown in item 12 of Exhibit A. On information and belief, these uses are unlicensed.

28.     The photograph entitled, "Boy Playing The Trumpet," shown in Exhibit A as photograph 13, was registered under Certificate of Registration No. VAu000529623, a copy of which is attached as Exhibit D. This image was licensed to Scholastic for book use on June 29, 2001. It is contained in the Scholastic publication, "Stay Smart: Join the Band," which is Web accessed with unlimited downloads. On information and belief, such use is unlicensed.

29.     The photograph entitled, "Student Using Calculator," shown in Exhibit A as photograph 14, was registered under Certificate of Registration No. VA0001812335, a copy of which is attached as Exhibit G. This image was licensed to Scholastic for book use on April 25, 2000. It is contained in the Scholastic publication, "Stay Smart: Bilingual Education," which is Web accessed with unlimited downloads. On information and belief, such use is unlicensed.

30.     The photograph entitled, "Teen Grocery Clerk," shown in Exhibit A as photograph 15, was registered under Certificate of Registration No. 1-893142267. This image was licensed to Scholastic for book use on April 25, 2000. It is available as a web accessed pdf with unlimited downloads in the publication, "Stay Smart: All Work and No A's" On information and belief, such use is unlicensed.

31.     The photograph entitled, "Teens in Car," shown in Exhibit A as photograph 16, was registered under Certificate of Registration No. VAu000458513, a copy of which is attached as Exhibit H.  It is contained on four pages in the Scholastic publication, "Powers of Persuasion: Buckle Up," which is currently available online as a free download, even though it appears in four places all dealing with an essay contest that ended May, 2005.  On information and belief, such use is unlicensed.

32.     The photograph entitled, "Superconductivity," shown in Exhibit A as photograph 17, was registered under Certificate of Registration No. VAu000529623, a copy of which is attached as Exhibit D.  It is contained in the Scholastic publication, "Mysteries and Marvels of Science" which is currently on sale.  It was licensed to Usbourne in the United Kingdom on June 11, 2004.  Scholastic published a paperback version in late 2004 in Canada and the same version in the United States in 2005.  A license was never issued to Scholastic for either Canada or the United States.  On information and belief, such use is unlicensed.

33.     The photograph entitled, "Dalmatian On A Fire Truck," shown in Exhibit A as photograph 18, was registered under Certificate of Registration No. VA0001812023, a copy of which is attached as Exhibit I.  It is contained in the Scholastic publication, "Dog Heroes," which is currently on sale.  The image was licensed to Storey Publications for a poster book but never to Scholastic.  On information and belief, such use is unlicensed.

34.     The photograph entitled, "Robot Hand With Laptop," shown in Exhibit A as photograph 19, was registered under Certificate of Registration No. VAu000529623, a copy of which is attached as Exhibit D.  It is contained in the Scholastic publication,

"Think Factory: Amazing Invention," which is currently on sale and distributed world-wide.  On information and belief, such use is unlicensed.

35.     The photograph entitled, "Boy In Writing Class," shown in Exhibit A as photographs 20 and 20.5, was registered under Certificate of Registration No. VAu000529623, a copy of which is attached as Exhibit D.  It is contained in the Scholastic publication, "Writing Homework," which is currently on sale.  On information and belief, such use is unlicensed.

36.     The photograph entitled, "H S Boy Reading at Desk," shown in Exhibit A as photograph 21, was registered under Certificate of Registration No. VA0001297358, a copy of which is attached as Exhibit J.  It is contained in the Scholastic publication, "ELL Essential Guide," which is currently on sale.  This image was licensed to Scholastic on March 28, 2007.   However, it is unlikely the license was for use in the above-described Scholastic publication, which was published after the license date, because Scholastic does not have a history of prepaying licenses.   On information and belief, such use is unlicensed.

37.     The photograph entitled, "FamilyWatching A Falling Star," shown in Exhibit A as photographs 22, 23, and 24, was registered under Certificate of Registration No. Vau000529623, a copy of which is attached as Exhibit D.  On February 19, 2001 It was licensed to Scholastic for use in a phonics "ReadingLine" kit and/or book entitled "Pop."  ReadingLine kits are presently being promoted on the Scholastic Malaysian website and are featured in the 2013 ESL catalog for Chinese speakers.   On information and belief, the book "POP is still for sale in the Teacher Store on the Scholastic website. On information and belief, such uses are unlicensed.

38.     The photographs entitled, "Billboard," shown in Exhibit A as photographs

25, 26, and 27, were registered under Certificate of Registration No. VA0001812357, a

copy of which is attached as Exhibit K.  It is contained in three editions of the Scholastic

Publication "Scholastic Child Dictionary," the latest of which is now uploaded to the

Grolier Go subscription reference service for libraries and schools and is currently on

sale.  On information and belief, such use is unlicensed.

39.     The photograph entitled, "Hands on Braille," shown in Exhibit A as

photograph 28, was registered under Certificate of Registration No. VAu000529623, a

copy of which is attached as Exhibit D.  It is contained in the Scholastic publication,

"Scholastic Children's Encyclopedia," which is currently on sale. This image was not

licensed directly to Scholastic or to a subsidiary of Scholastic.

40.     The photograph entitled, "Montessori Musical Parade," shown in Exhibit

A as photograph 29, was registered under Certificate of Registration No. VA0001812349

a copy of which is attached as Exhibit L.  It is contained in the Scholastic publication,

"New Book of Knowledge Vol Jk," which is now uploaded to the Grolier Go

subscription reference service for libraries and schools and is currently on sale.  On

information and belief, such use is unlicensed.  There is no license for the 1997, 1998,

1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006 and 2007 editions.

41.     The photograph entitled, "Kindergarten Class," shown in Exhibit A as

photograph 30, was registered under Certificate of Registration No. VA0001812349, a

copy of which is attached as Exhibit L.  It is contained in the Scholastic publication,

"New Book of Knowledge Vol. Jk" which is now uploaded to the Grolier Go

subscription reference service for libraries and schools and is currently on sale.  On

information and belief, such use is unlicensed.  There is no license for the 1997, 1998,

1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006 and 2007 editions.

42.     The photograph entitled, "Frozen Food Mfg," shown in Exhibit A as

photograph 31, was registered under Certificate of Registration No. VA0001812359, a

copy of which is attached as Exhibit M.  It is contained in the Scholastic publication,

"New Book of Knowledge Vol. F," which is now uploaded to the Grolier Go subscription

reference service for libraries and schools and is currently on sale.  On information and

belief, such use is unlicensed.  There is no license for the 1997, 1998, 1999, 2000, 2001,

2002, 2003, 2004, 2005, 2006 and 2007 editions.

43.     The photograph entitled, "Youth String Quartet," shown in Exhibit A as

photograph 32, was registered under Certificate of Registration No. VA0001812348, a

copy of which is attached as Exhibit N.  It is contained in the Scholastic publication,

"New Book of Knowledge Vol. M," which is now uploaded to the Grolier Go

subscription reference service for libraries and schools and is currently on sale.  On

information and belief, such use is unlicensed.  There is no license for the 1997, 1998,

1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006 and 2007 editions On information and

belief, such use is unlicensed.

44.     The photograph entitled, "Down Syndrome Boy Reading," shown in

Exhibit A as photograph 33, was registered under Certificate of Registration No.

VA0001812344, a copy of which is attached as Exhibit O.  It is contained in the

Scholastic publication, "New Book of Knowledge Vol. QR," which is now uploaded to

the Grolier Go subscription reference service for libraries and schools and is currently on

sale.  On information and belief, such use is unlicensed.  There is no license for the 2003, 2004, 2005, 2006, and 2007 editions.

45.    The photograph entitled, "African American Girl Portrait," shown in Exhibit A as photograph 34, was registered under Certificate of Registration No. VA0001297-358, a copy of which is attached as Exhibit P.  It is contained in the Scholastic publication, "New Book of Knowledge Vol. UV" which is currently on sale. On information and belief, such use is unlicensed.  There is no license for the 2002, 2003, 2004, 2005, 2006, and 2007 editions.

46.    The photograph entitled, "Coal Yard In A Pulp Mill," shown in Exhibit A as photograph 35, was registered under Certificate of Registration No. VA0001812-347, a copy of which is attached as Exhibit Q.  It is contained in the Scholastic publication, "New Book of Popular Science Vol. 2," which is now uploaded to the Grolier Go subscription reference service for libraries and schools and is currently on sale.  On information and belief, such use is unlicensed.   There was no license for the 2002, 2003, 2004, 2006, and 2008 editions.

47.    The photograph entitled, "Toxic Waste Cleanup," shown in Exhibit A as photograph 36, was registered under Certificate of Registration No. VAu000529623, a copy of which is attached as Exhibit D.  It is contained in the Scholastic publication, "New Book of Popular Science Vol. 2," which is now uploaded to the Grolier Go subscription reference service for libraries and schools and is currently on sale.  On information and belief, such use is unlicensed.  There is no license for the 1996, 1998, 2000, 2002, 2004, and 2006 editions.  On information and belief, such use is unlicensed.

48.     The photograph entitled, "Elderly Woman In Nursing Home," shown in Exhibit A as photograph 37, was registered under Certificate of Registration No. VA0001812030, a copy of which is attached as Exhibit R.  It is contained in the Scholastic publication, "New Book of Popular Science Vol. 5," which is now uploaded to the Grolier Go subscription reference service for libraries and schools and is currently on sale.  On information and belief, such use is unlicensed.  There was no license for the 1994, 1996, 1998, 2000, 2002, 2006, and 2008 editions.

49.     The photograph entitled "Jet Engine Manufacturing," shown in Exhibit A as photograph 38, was registered under Certificate of Registration No. 1-880008790.  It is contained in Scholastic's "New Book of Popular Science."  There is no license for the use of this photograph in the 1988, 1990, 1992, 1994, 1996, 1998, 2000, 2002, 2006, and 2008 editions.

50.     The photograph entitled, "Frozen Food Mfg," shown in Exhibit A as photograph 39, was registered under Certificate of Registration No. VA0001812359, a copy of which is attached as Exhibit S.  It is contained in the Scholastic publication, "New Book of Popular Science Vol. 6," which is now uploaded to the Grolier Go subscription reference service for libraries and schools and is currently on sale.  On information and belief, such use is unlicensed.  There is no license for the 1996, 1998, 2000, 2002, 2004, 2006, and 2008 editions.

51.     The photograph entitled, "Media Center,' shown in Exhibit A and photograph 40, was registered under Certificate of Registration No. VA0001850383.  It is contained in the Scholastic publication, "Encyclopedia Americana, Vol 17."  There is no

license for the 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2003, 2004, and 2005 editions.

52.     The photograph entitled, "Exec Reading Classified Ads," shown in Exhibit A as photograph 41, was registered under Certificate of Registration No. 1-893142173. It is contained in the Scholastic publication, "Encyclopedia Americana." This image was properly licensed in September, 1994, but not again when the book was uploaded to Grolier Go.

53.     Prior to 2003, Palmer/Kane entered into photographer representation agreements with The Stock Market Photo Agency of New York, Inc. ("TSM") under which Palmer/Kane appointed TSM as its agent with respect to licensing of its stock photographs.  Pursuant to such agreements, TSM licensed Palmer/Kane images to publishers.  These agreements gave Palmer/Kane the right to inspect TSM's books and records and to make extracts of the books and records that dealt with its images.  A copy of the agreement between Palmer/Kane, Inc. and TSM dated June 21, 2000 is attached as Exhibit T. Section 6(d) of the agreement gives Palmer/Kane the right to inspect TSM's books and records and to make extracts of the books and records that dealt with its images.

54.     Corbis acquired TSM in 2000, along with the right to license Palmer/Kane's images, and assumed all of TSM's contractual rights and obligations.

55.     Palmer/Kane also entered into a photographer representation agreement with Zefa under which Palmer/Kane appointed Zefa as its agent with respect to licensing of its stock photographs.   A copy of a representative Photographer's Agreement with Zefa is attached as Exhibit Y.

56.     Section 8 of the Zefa Agreement provides the photographer (in this case, Palmer/Kane) with a right "to inspect zefa's books and records relating to your account, for the purpose of verifying that the amounts paid to you by zefa have been calculated accurately."

57.     Section 11(a) of the Zefa Agreement provides for automatic one-year renewals of the original three-year term unless terminated by either party in writing.

58.     Pursuant to such an agreement, Zefa licensed Palmer/Kane images to publishers.

59.     Palmer/Kane's Agreement with Zefa was never terminated.

60.     Corbis acquired Zefa in 2005, along with the right to license Palmer/Kane's images, and assumed all of Zefa's contractual rights and obligations, including Palmer/Kane's right to inspect.

61.     Corbis entered into a Photographer Representation Agreement with Palmer/Kane Inc. regarding the latter's photographs under which Palmer/Kane appointed Corbis as its "exclusive licensor with respect to Accepted images."   A copy of the Photographer Representation Agreement dated October 16, 2003 between Palmer/Kane, Inc. and Corbis is attached hereto as Exhibit U.   It provided under Section 4 of its Standard Terms and Conditions that Palmer/Kane, Inc. has the right to request an "audit of Corbis' records with respect to sales of your Accepted Images."

62.     By its express terms, the Corbis Agreement "renew[s] on a year-to-year basis unless terminated by either party upon at least ninety (90) days written notice prior to the anniversary date of the Effective Date." (Exhibit U at p. 4).

63.     Corbis never terminated the Corbis Agreement as provided therein.

64. Even had the Agreement been terminated, Section 10.2.3 of the Standard Terms & Conditions of the Agreement provides that the "audit" and "proceedings against unauthorized use" thereof (Sections 4 and 6, respectively) would "survive termination or expiration of this Agreement. Any licenses that Corbis has granted prior to the expiration or termination of this Agreement shall survive its expiration or termination."

65. On numerous occasions, Palmer/Kane requested Corbis to provide copies of Corbis' license agreements with publishers that include Palmer/Kane's images, but Corbis refused all such requests and continues to do so.

66. By letter dated October 25, 2010 (attached hereto as Exhibit V), through counsel, Palmer/Kane requested Corbis to provide "copies of invoices and licenses relating to Palmer Kane images that have been licensed by Corbis." It made this request because "sometime last year Palmer Kane learned from customers that certain images previously accepted by Corbis under this Agreement were not available through Corbis' online archive," that all rights regarding removed images reverted to Palmer/Kane, that "on numerous occasions...Corbis has refused to cooperate with Palmer Kane's requests for license information that is necessary for my client to follow up on a license request or to manage the rights of an image," and that Palmer Kane needs this information in order to manage its business effectively."

67. By letter dated November 30, 2010, Corbis refused to provide information related to the licensing of Palmer Kane's images on the grounds that such information was "confidential."

68. By letter dated January 26, 2011, Palmer/Kane's counsel (attached hereto as Exhibit W) wrote to Corbis' in-house counsel again requesting that "Corbis provide

Palmer Kane with copies of license agreements pertaining to Palmer Kane images," and

advised that in the absence of this critical information Palmer Kane would pursue

litigation against Corbis.  In its letter, Palmer Kane stated as follows:

> As our previous letter explained, there is no valid reason that Corbis
> cannot share with Palmer Kane the license agreements between Corbis and
> licensees of Palmer Kane's images.  Corbis entered into these license
> agreements on behalf of Palmer Kane, and Palmer Kane was paid royalties
> from those agreements.  These agreements also presumably required end
> users to include appropriate royalty credit and attribution to Palmer Kane.
> As such, Palmer Kane undoubtedly is an intended and/or third party
> beneficiary to all such agreements, and thus enjoys rights under those
> agreements.

> Moreover, Corbis was permitted to enter into these license agreements
> only by virtue of the contracts between Palmer Kane and Corbis, including
> the 2000 Limited Photographer's Agreement (with The Stock Market) and
> the 2003 Photographer Representation Agreement.  These contracts
> expressly state that Corbis was to act as Palmer Kane's licensor and agent.
> Corbis' refusal to disclose the terms of the contracts it entered into on
> behalf of Palmer Kane is inconsistent with its agency duties and
> obligations to deal with Palmer Kane fairly and in good faith.

> Furthermore, Corbis was permitted to use, promote, display, license, and
> distribute images in Palmer Kane's library only by virtue of the license
> granted to Corbis by Palmer Kane.  Corbis' refusal to disclose the uses it
> has made and the uses it has permitted others to make of Palmer Kane's
> images thus constitutes a violation of Mr. Palmer's inherent rights as the
> author and owner of these creative photographic works.

> Finally, the contracts between Corbis and Palmer Kane expressly provide
> that Corbis does not possess any rights or authority to police copyrights in
> images removed from Corbis' system.  Thus, with respect to these
> thousands of images, Corbis' refusal to provide copies of these agreements
> is interfering with Palmer Kane's contractually-recognized rights to police
> and protect its copyrights and infringes on Palmer Kane's exclusive
> copyrights to control these images.

      69.    Also on January 26, 2011, Palmer Kane, through counsel, wrote a letter

(attached hereto as Exhibit X) requesting "copies of the license agreements pertaining to

Houghton Mifflin's use of Palmer Kane's images."  Among other reasons for this

request, Palmer Kane stated that "before Palmer Kane can fully discuss any matters related to Houghton Mifflin's potential unauthorized use of Palmer Kane's images, Palmer Kane will likely need to identify the name of the work at issue and the publication in which the image was used." As in the above-quoted letters, Palmer Kane offered to enter into a suitable non-disclosure agreement regarding the licenses.

70.     Corbis failed and refused to provide the requested licenses, and continues to refuse to respond to all requests for information from Palmer/Kane regarding its images.

71.     Section 6 of the Standard Terms & Conditions of the Photographer Representation Agreement between Palmer/Kane, Inc. and Corbis provided that Corbis, in its sole discretion, had authority to institute legal proceedings in Corbis' or Palmer/Kane's name to recover damages for the unauthorized use of "Accepted Images" of Palmer/Kane.

72.     Corbis has failed and refused to bring any such action.

73.     By reason of the foregoing, Palmer/Kane has suffered harm in excess of $75,000.

## COUNT I

## (COPYRIGHT INFRINGEMENT BY SCHOLASTIC)

74.     Plaintiff repeats and re-alleges each allegation set forth above in paragraphs 1-73.

75.     Plaintiff is the sole proprietor of all rights, title and interest in and to the copyright of each of the photographs described and alleged above and in Exhibit A that

have been registered with the United States Office of Copyright pursuant to 17 U.S.C.A.
§ 411(a).

76.     Each of said photographs contains material wholly original with Plaintiff
and is copyrightable subject matter under the laws of the United States.

77.     Scholastic infringed Plaintiff's copyrights, in violation of the Copyright
Act, 17 U.S.C. §101 et seq., by knowingly and willfully publishing said photographs
without the consent or authorization of Plaintiff.

78.     Scholastic's infringements were intentional, willful, reckless and/or
malicious.

79.     Scholastic's unauthorized and infringing conduct caused Plaintiff
significant injuries, damages, and losses in amounts to be determined at trial.

80.     Plaintiff seeks all damages recoverable under any applicable agreements
and/or the Copyright Act, including statutory or actual damages and Scholastic's profits
attributable to the infringing use of Plaintiff's creative works and the damages suffered as
a result of the lack of compensation, credit and attribution.  Plaintiff also seeks all
attorneys' fees and any other costs incurred in connection with this lawsuit.

81.     As a result of the above alleged infringements, Plaintiff has suffered and
continues to suffer irreparable harm for which damages may be insufficient.

## COUNT II

## (BREACH OF CONTRACT AGAINST CORBIS)

82.     Plaintiff repeats and re-alleges each allegation set forth above in
paragraphs 1-81.

83.     Corbis' refusal to produce books and records reflecting the terms of the licenses it issued for Palmer/Kane's photographs to publishers, including but not limited to Scholastic, constitutes a breach of the TSM, Zefa and Corbis agreements, including without limitation, Section 6(d) of the TSM Agreement, Section 8 of the Zefa Agreement and Section 4 of the Standard Terms & Conditions of the Corbis Agreement.

84.     Corbis' failure to allow inspection of its books and records as provided in said agreements has harmed Palmer/Kane as above alleged by preventing if from (a) determining whether and the extent to which publishers are infringing its copyrights by publishing its images either without a license or in a manner violating the terms of the license; (b) obtaining revenues by licensing images that Corbis removed from its archive without due notice to Palmer/Kane; and (c) commencing copyright enforcement actions against publishers who are infringing Palmer/Kane's copyrights.

85.     Plaintiff has been damaged as a result of Corbis' breach of its contractual obligations in an amount to be determined at trial, but in no event less than $75,000.

## COUNT III

## (BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

## AGAINST CORBIS)

86.     Plaintiff repeats and re-alleges each allegation set forth above in paragraphs 1-85.

87.     The TSM, Zefa and Corbis agreements impose upon the parties thereto a duty of good faith and fair dealing.

88.     Corbis breached such duty by failing and refusing to provide Plaintiff with copies of its license agreements regarding Plaintiff's images, knowing that such refusal

inhibits or prevents Plaintiff from effectively asserting and enforcing its copyrights to said images.

89.   Corbis breached such duty by failing and refusing to identify Palmer/Kane images that had been licensed by Corbis but subsequently were removed from Corbis' online archive.

90.   Corbis breached such duty by failure and refusal to enforce its license agreements regarding Plaintiff's images, while it knew or had reason to know that the terms of such license agreements had been violated by the licensees, including but not limited to Scholastic.

91.   As a result of said breaches, Palmer/Kane has suffered as above alleged, including damages in an amount to be determined at trial but in no event less than $75,000.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and providing the following relief:

A.   Entry of a preliminary and permanent injunction against Scholastic and anyone working in concert with Scholastic from copying, displaying, distributing, advertising, promoting, selling or offering to sell Plaintiff's photographs, or creating, obtaining, and using substantially similar photographs, and requiring Scholastic to deliver to the Court for destruction or other appropriate disposition all materials representing Plaintiff's photographs, including digital files representing Plaintiff's photographs, in the control or possession of Scholastic;

B.      An award to Plaintiff of all damages allowable under the Copyright Act, including, but not limited to, statutory and/or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue, and Scholastic's profits attributable to the above-alleged infringements, as well as damages suffered by Plaintiff as a result of the lack of credit and attribution;

C.      As to Corbis, an award of all damages sustained by Palmer/Kane by reason of Corbis' breach of its breaches of agreements and violation of its duty of good faith and fair dealing;

D.      An order requiring Corbis to provide to Palmer/Kane copies of all licenses for Plaintiff's photographic images covered by any license issued by Corbis, Zefa, or TSM.

E.      An award of all damages allowed under any applicable contracts or agreements, including an award of all damages recoverable on behalf of Palmer/Kane by Corbis against its licensees for breach of any licenses granted to such licensees regarding Palmer/Kane's photographic images;

F.      An award of Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized by law, and Plaintiff's attorneys' fees incurred in connection with this lawsuit;

G.      An award of punitive and/or exemplary damages and any other relief authorized by law; and

H.      Such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.


Dated: June 25, 2013


Respectfully submitted:

PALMER/KANE LLC,
By its attorneys,

Clyde A. Shuman (CS-6351)
PEARL COHEN ZEDEK LATZER LLP
1500 Broadway, 12th Floor
New York, New York 10036
(646) 878-0800
(646) 878-0801 fax
clydes@pczlaw.com


OF COUNSEL:
Sibley P. Reppert, BBO No. 416900
PEARL COHEN ZEDEK LATZER LLP
50 Congress Street, Suite 1040
Boston, MA 02109
617-228-5725
sibleyr@pczlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June, 2013, I caused a true and correct

copy of the attached THIRD AMENDED COMPLAINT AND DEMAND FOR JURY

TRIAL to be served on counsel for Defendants by overnight courier, addressed as

follows:

> Beth Ilana Goldman
> Edward Henry Rosenthal
> Frankfurt Kurnit Klein & Selz PC
> 488 Madison Avenue, 10th Floor
> New York, NY 10022
> (212) 980-0120
> Email: bgoldman@fkks.com
> Email: erosenthal@fkks.com
>
> *Attorneys for Defendants Scholastic Corporation and Scholastic Inc.*
>
> Jeffrey L. Loop
> Melissa J. Erwin
> Carter Ledyard & Milburn LLP
> Two Wall Street
> New York, NY 10005
> (212) 732-3200
>
> *Attorneys for Defendant Corbis Corporation*

Date : _____

Clyde A. Shuman (CS-6351)